### C. A. HOODLESS ET AL. V. JOSEPH WINTER ET AL.

#### No. 7031.

1. **Nonsuit.**—Our statutes (Rev. Stats., art. 1301) allow the plaintiff in a cause tried by the judge to take a nonsuit at any time before the decision is announced.

2. **Same—Not Allowed After Counter-Claim.**—Article 1260, Revised Statutes, prescribes that when the defendant has filed a counter-claim seeking affirmative relief the plaintiff shall not be permitted by a discontinuance of his suit to perjudice the right of the defendant to be heard on such counter-claim.

3. **Same.**—Owing to unexpected contingencies that may occur during a trial the right to take a nonsuit by the plaintiff is a privilege which may become necessary, and it is important that the substance and not the shadow of the right shall be preserved.

4. **Affirmative Relief.**—Obviously the defendant only seeks such affirmative relief when by his own pleadings he requests some specific recovery that can not be given to him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. Defendant must allege facts showing the right to the recovery he asks.

5. **Defective Counter-Claim.**—After pleading *not. guilty* in an action of trespass to try title the defendants each separately alleged ownership and long possession of a part of the land, describing it, and that plaintiff by setting up some kind of pretended title cast a cloud upon the title of the defendants, asking that such cloud be removed. *Held,* that the counter-claim was defective inasmuch as the defendants failed to point out any particular deed, or to allege any facts showing how it was that any muniment of title held or claimed by the plaintiff was such a cloud upon their title that relief should be given them against it under the equitable principles controlling such suits.

6. **Effect of Judgment on Plea of Not Guilty in Trespass to Try Title.**—A judgment in favor of defendants pleading not guilty in an action of trespass to try

title establishes their title against the plaintiff and all persons claiming under him. It is as conclusive in favor of the defendant recovering as it would be in favor of the successful plaintiff.

APPEAL from Jones. Tried below before Hon. J. V. Cockrell. The opinion states the case.

*M. A. Spoonts, A. H. Kirby,* and *B. Frank Buie,* for appellants.—1. The plaintiff has an absolute right to take a nonsuit at any time before a decision of the cause, and the court can not deprive him of that right.

2. When the plaintiffs sue in trespass to try title and defendants seek no affirmative equitable relief other than such as can be granted them under the general issue of not guilty, they can not deprive the plaintiffs of their right to nonsuit upon the theory that they are seeking affirmative relief.

3. A counter-claim, within the meaning of article 1260, Revised Statutes, is where some relief is sought not obtainable under the general issue, and for defendants in an action of trespass to try title to simply plead back at plaintiff the same sort of a claim is not an assertion of affirmative relief, as he could under a plea of not guilty get all the relief that he could under such a special plea. Block v. Weiller, 61 Texas, 692.

*Cockrell & Cockrell,* for appellees.—A plaintiff may not take a nonsuit and thereby preclude the defendant from a trial on his cross-action for affirmative relief. Thomas v. Hill, 3 Texas, 270; Egery v. Power, 5 Texas, 501; Bradford v. Hamilton, 7 Texas, 55; Slaughter v. Hailey, 21 Texas, 537; Rev. Stats., art. 1301.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellants in the form of an action of trespass to try title against all of the defendants except Wise. The charge against him was that he was "operating some kind of a claim" to the land, which was "a cloud upon the title of plaintiff C. A. Hoodless." The prayer of the petition was for a decree against Wise quieting plaintiffs' title against him, and against the remaining defendants for possession, etc. It does not appear that an answer was filed for Wise, nor that any question was made as to his joinder with the other defendants, or as to the sufficiency of the petition against him.

There was a judgment that the plaintiff take nothing against Wise, and no question with regard to him is presented for our revision.

The remaining defendants answered with pleas of not guilty, and other defenses appropriate to the action of trespass to try title, and they severally filed separate answers, each describing a specific portion of

the land in controversy and containing, in addition to such description, substantially the following allegations:

"Further answering, said defendant says that he has been for a long time and is now the legal and equitable owner seized in fee simple of that certain tract of land hereinafter described, and has been for a long time in the quiet and peaceable possession of the same and is now in the possession thereof; that plaintiffs are claiming and asserting some kind of a pretended and fraudulent title or claim to said land, and by so doing they cast a cloud upon defendant's hitherto good and perfect title; that plaintiff's claim is a cloud upon defendant's title as aforesaid, wherefore defendant prays that said title be canceled and declared null and void, and that defendant be quieted in his title and possession of the land aforesaid."

The plaintiffs made an unsuccessful application for a continuance. They then offered evidence to establish their title, some of which was excluded. At the close of their testimony they asked to be permitted to take a nonsuit, to which the defendants objected on the ground that they "had pleaded a cross-action and asked for affirmative relief." The court sustained the objection, and without entering a judgment of nonsuit as to plaintiffs' cause of action proceeded with the hearing of evidence offered by the defendants, and rendered judgment that the defendants, except Wise, "should on their cross-action have and recover judgment against plaintiffs as prayed for in their cross-petitions for their respective tracts of land as hereinafter set forth," etc. Then follow descriptions of the tracts of land severally adjuged to each defendant, and an order that they be "quieted in their title and possession" of the several tracts.

The plaintiffs did not file any pleadings in reply to those of the defendants.

In the case of De la Vega v. League, 64 Texas, 215, it was said by this court: "A plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all defenses which may defeat the cause of action sued on, or any other, appropriate and germane to the subject matter of the suit, which should be settled between the parties before a proper adjudication of the merits of the cause can be obtained. He grants him the privilege of setting up all such counter-claims and cross-actions as he holds against the plaintiff which may legally be pleaded in such a suit."

Our statutes allow the plaintiff in a cause tried by the judge (as the one before us was) to take a nonsuit "at any time before the decision is announced." Rev. Stats., art. 1301.

Article 1260, Revised Statutes, provides that "when the defendant has filed a counter-claim seeking affirmative relief the plaintiff shall not be permitted by a discontinuance of his suit to prejudice the right of the defendant to be heard on such counter-claim."

The applicability of the statutes on the subject to the action of trespass to try title has been recognized by this court. Block v. Weiller, 61 Texas, 692.

The right of the plaintiff to take a nonsuit upon his own cause of action was considered of sufficient importance by the Legislature to be given express recognition.

Owing to unexpected contingencies that may occur during a trial it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and it is important that the substance and not the shadow alone of the right shall be preserved. It will not unfrequently happen that the party who takes the nonsuit should be relieved from its effect upon a timely application upon such terms as the court may in its discretion impose and as may be proper to promote the ends of justice.

It is only when the defendant by a counter-claim seeks some "affirmative relief" that the right of the plaintiff to discontinue the entire cause is forbidden. Obviously the defendant only seeks such affirmative relief when by his own pleadings he prays for some specific recovery that can not be given to him under pleadings that are strictly defensive and that serve only to compel the plaintiff to prove his own cause of action. The defendant must not only pray for affirmative relief, but he must state facts showing that he has a cause of action. If the defendant is doing no more than resisting the plaintiff's recovery the statutes recognize the right of the plaintiff for his own protection to dismiss the suit. Under their plea of not guilty the defendants could have introduced any evidence in their possession tending to defeat any item or link of title under which plaintiffs claimed or under which they themselves held. A judgment in their favor under that plea would have conclusively established their title against the plaintiffs and all persons claiming under them. In the action of trespass to try title a judgment rendered against the plaintiff is as conclusive in favor of a defendant who pleads "not guilty" as it is against the defendant when the plaintiff recovers under the same circumstances. The conclusive effect of such judgments is declared by article 4811 of the Revised Statutes, reading: "Any final judgment rendered in any action for the recovery of real estate hereafter commenced shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through, or under such party, by title arising after the commencement of such action."

In this case the defendants failed to point out any particular deed or to allege any facts showing how it was that any muniment of title held or claimed by plaintiffs was such a cloud upon their title as relief should be given them against, under the equitable principles controlling such suits.

We think there was such error in the refusal of the court to enter a judgment discontinuing the cause upon plaintiffs' offer to take a nonsuit as to require a reversal of the judgment.

The judgment will be reversed and the cause remanded, with instructions to dismiss the suit if the pleadings of the parties remain as they now are, and if the plaintiffs so demand.

As the cause may be discontinued, we deem it unnecessary, if not improper, to consider on this appeal other questions raised by the record and discussed in the brief of counsel.

*Reversed and remanded.*

Delivered May 1, 1891.