WEIL v. ABEEL. (No. 5964.)

(Court of Civil Appeals of Texas. Austin. Oct. 23, 1918. Rehearing Denied Nov. 27, 1918.)

1. DISMISSAL AND NONSUIT ☞10—VOLUNTARY NONSUIT—TIME OF TAKING.

Where court stated that he considered the demurrer to plaintiff's evidence well taken, but extended time for counsel for plaintiff to present authorities, plaintiff was entitled to take voluntary nonsuit, under Rev. St. 1911, art. 1955, giving plaintiff the right, in cases tried without a jury, to take a nonsuit any time before a decision is announced; the court, though expressing opinion, not having sustained demurrer.

2. DISMISSAL AND NONSUIT ☞12—VOLUNTARY NONSUIT.

The right to take a nonsuit is liberally construed by the courts.

3. DISMISSAL AND NONSUIT ☞15—VOLUNTARY NONSUIT—DISCRETION.

Plaintiff's right to take a nonsuit before a final decision is announced is a statutory right under Rev. St. 1911, art. 1955, and is not a matter of discretion for the court.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by Charles B. Weil against Alfred Abeel. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

G. W. Barcus and Edgar & Chas. Witt, all of Waco, for appellant.

Boggess & Naman and J. D. Williamson, all of Waco, for appellee.

RICE, J. We adopt appellant's statement of the nature and result of the suit, which is as follows:

"Appellant brought this suit against appellee, claiming that the Pathfinder Motor Car Company, a corporation organized under the laws of California, doing business in California, was indebted to appellant in the sum of $4,155 on a rental contract, and that the appellee owned 398 of the 400 shares of stock that had been issued in said corporation, and that the corporation had refused to pay the debt, and that, by reason of the statutes and Constitution of California, the appellee as stockholder in said corporation was responsible for the debt in proportion to the amount of stock he held in the corporation, and appellant sought judgment against the appellee under the laws of California, specially pleading said statute and Constitution.

"The defendant answered by some special exceptions, a general demurrer, and special answer that he was not liable until all of the assets of the corporation had been exhausted.

"The cause was tried before the court, and, after plaintiff's testimony was introduced, the defendant demurred to the testimony of plaintiff and asked for a judgment for the defendant. The question was discussed, and, before the court rendered a judgment or announced its decision, the plaintiff asked that he be permitted to take a nonsuit. The court overruled the motion of the plaintiff to take a nonsuit, and sustained the demurrer of defendant to the testimony of the plaintiff and rendered judgment for

the defendant, to which action of the court the plaintiff excepted," and prosecutes this appeal.

The first assignment complains that the court erred in refusing to permit appellant to take a nonsuit in this cause; he at the conclusion of the testimony and before a decision was rendered having requested that he be permitted to do so, which was refused by the court.

Upon this subject, in order to show what occurred between counsel and the court, we copy from appellant's bill of exception, as follows:

"'Be it remembered that upon the trial of the above styled and numbered cause that same was tried before the court without a jury, and after the plaintiff had closed his testimony and rested in the introduction of testimony that the defendant demurred to the evidence of plaintiff, and asked the court to render judgment for the defendant, and the court stated that he considered the demurrer well taken and started to make his docket entry thereof, when the attorney for plaintiff requested the court to give counsel until 2:00 o'clock in the afternoon in which to produce authorities to show that said demurrer should not be sustained, and stated to the court that, if they did not find any decisions supporting their position, they would then probably ask to take a nonsuit; and the court stated: "I will give counsel for the plaintiff until 2:00 o'clock this afternoon to present authorities combating the demurrer presented by counsel for defendant on any of the issues raised, but as a courtesy to counsel." And in view of the court's expression that he considered the demurrer well taken, and especially in respect to the absence of proof that the statute was in force and effect at the time of accrual of liability under this contract of lease. Therefore, in view of these expressions of the court, the court will not permit plaintiff to take a nonsuit, as plaintiff has stated that he would do, if he could not find any law in support of his position.'

"And thereafter at 2:00 o'clock counsel for plaintiff requested the court to give him until the next day to present authorities upon the question of liability of defendant, and the next day when the court convened, and before the court had made any statement, the counsel for plaintiff stated: 'If the court please, in this case of Charles Weil v. Alfred Abeel, we have made search and we have found some authorities that we think will support our position. They are rather of a doubtful nature. In view of the position also that the court stated he will take as to the assets of the corporation, we think it best to take a nonsuit, and we ask at this time to be permitted to take a nonsuit. In support of that proposition, I want to submit to the court a Supreme Court decision in the 155 Southwestern.'

"The court stated, 'I will hear your decision,' and thereupon counsel for plaintiff read several authorities and discussed the question as to whether or not plaintiff could take a nonsuit, and then followed a general discussion between the court and the attorneys for plaintiff and defendant as to whether the nonsuit could be taken, and plaintiff presented several authorities to the court and the counsel for the defendant resisted said motion, and the court after said discussion stated as follows: 'It is within the court's discretion to grant a nonsuit, and it cannot be reviewed, and that is the reason why I stated that I was not in favor of nonsuits, because I am not going to exercise that discretion as long as I think the party has had ample time to develop his case. If he fails to do so, it is not any concern of mine. As far as this

case is concerned, the action is purely technical, based upon a very unusual and peculiar provision of the laws of California. They are not laws recognized in Texas only through the comity of other states, if at all. In addition to that, the facts disclosed that there were assets that had not been exhausted, and according to my ruling even under the California statute you are not entitled at this time to maintain your suit. It was the duty of the plaintiff to exhaust his remedies that are required to be exhausted first before instituting this action; it is the court's duty to protect both litigants, and see that they come within their rights as prescribed by law and no more. It works just as much of a hardship upon the defendant to be required to defend this suit over again as it would work a hardship on plaintiff to refuse to allow a nonsuit. I think, both parties having had their day in court, it is the court's duty where the law is clear, and I consider it clear on the subject, to observe the law. If I felt like the plaintiff had not had a fair showing in that he had not had an opportunity to develop his case, it would be a different question, and I would exercise my discretion if I felt like he was really entitled to a new hearing; but I do not feel like it. In this case, as a matter of fact, these questions have been discussed by us at different times on demurrers, and both sides had fair knowledge of the court's opinion and the court's attitude as to the legal questions. I distinctly stated when the demurrer to the testimony was presented that I considered the demurrer well taken, and, as Mr. Naman said, I was reaching for my docket to put it over here and open it, and counsel for plaintiff asked me to give them time within which to present authorities. I then stated that I did not think they could present authorities that would bear them out, but as a matter of courtesy I would give them that time. Counsel for defendant then stated: "Well, if we do not find any testimony (authorities) supporting our position, we will take a nonsuit." I don't think you are entitled to a nonsuit, and I will refuse the application.'"

[1] Article 1955 of the Revised Statutes, among other things, provides that the plaintiff shall have the right, when a case is tried before the court without a jury, to take a nonsuit any time before a decision is announced. In the present case we do not regard what was done by the court as an announcement of his decision on the question presented. It is true that he did say, as shown by the bill, that he considered the demurrer well taken; but after this he extended the time for counsel to present authorities on the question, showing clearly that he had not come to a decision thereof, because we presume, if counsel had found authorities in his favor which convinced the court that he was wrong in his conclusion, he certainly would have followed them and granted the motion. To merely state that he considered the demurrer well taken was not, in our judgment, equivalent to sustaining it, and what was said by the court was, under the circumstances, more in the nature of an expression of his views upon the question under discussion. See Adams v. Ry.

Co., 137 S. W. 441; Hoodless v. Winter, 80 Tex. 638, 16 S. W., 427; Kidd v. McCracken, 105 Tex. 383, 150 S. W. 885; and Pye v. Wyatt, 151 S. W. 1086.

In discussing a similar question, Mr. Justice Dibrell, in Kidd v. McCracken, supra, said:

"It seems to us to be immaterial to the exercise of the right to take a nonsuit that the plaintiff is made aware of the court's view of the case from the expression of the court's opinion, or from any other source. Such knowledge may serve as the vital reason why the party desires to get his case out of court. His information of how the court will decide cannot affect the plaintiff's right to a nonsuit, where the decision has not been announced. The statute is plain upon the subject, and we think does not mean that the plaintiff is denied the right to a nonsuit where he gathers from the opinion of the court in discussing the case what his decision will be. That is not the language, nor is it the meaning of the law. There is a wide and well-recognized difference between the 'opinion' and the 'decision' of a court. The strongest case that can be made against plaintiff under the undisputed facts is that the court, in discussing the evidence and the law, expressed an opinion that would lead naturally to the conclusion that he intended, at the proper time to decide the case adversely to plaintiff. However, the time had not arrived for him to announce his decision, for he had yet to pass upon the admissibility of certain testimony that had been admitted conditionally, and his decision of the case upon its merits was yet suspended."

[2, 3] So, in the present case we regard what was said by the court more in the nature of an expression of its opinion as to what he intended to do, rather than what he had done. It is true that the court remarked, at the time when he extended the time for counsel to present authorities, that he would hear them, but would not permit him to take a nonsuit. This is shown to have been based on the idea that his right to permit or refuse the nonsuit was discretionary, rather than one based upon what the law might be in relation thereto. The right to take a nonsuit is liberally construed by the courts, and in cases above referred to it has been held that counsel had the right to discuss the matter with the court, and if the court suggests, or indicates, that he is going to decide against plaintiff, the plaintiff has the right to dismiss. The fact that the court makes such intimation is often the reason why a nonsuit is taken. As said by counsel for appellant, it is a statutory right given to plaintiff to dismiss his case at any time before a decision is announced.

In the instant case, we think the court had not announced his decision, and erred in refusing to grant the nonsuit. For which reason, the case is reversed and the cause remanded.

Reversed and remanded.