## CLEMENT v. PRODUCERS' REFINING CO. et al. (No. 6824.)*

(Court of Civil Appeals of Texas. Austin. Feb. 4, 1925. Rehearing Denied March 4, 1925.)

**1. Contracts ⬤⇒10(2)—Agency contract, providing as compensation commission on goods which "may" be supplied, held unenforceable.**

Contract by which plaintiff was appointed agent for petroleum company *held* lacking in mutuality and unenforceable, where only compensation he was to receive was commissions from sale of goods and products, which might be supplied by company, and where company nowhere bound themselves to supply any goods.

**2. Work and labor ⬤⇒10—Agent held entitled to earnings under executed portion of contract unenforceable for lack of mutuality.**

Where agency contract was unenforceable for lack of mutuality, in that only compensation of agent was commission from sale of goods, which employer might supply, but did not bind itself to supply, agent *held* entitled to recover earnings under executed portion of contract.

**,3. Contracts ⬤⇒10(2)—Provision "not subject to cancellation" held not to add binding force to unilateral contract.**

Where agency contract was unenforceable for lack of mutuality, in that agent's only compensation was commission from sale of goods, which employer might furnish, provision "not subject to cancellation" *held* not to add binding force to contract.

**4. Contracts ⬤⇒10(2)—Sufficiency of evidence of wrongful discharge held immaterial where contract unenforceable for lack of mutuality.**

Where agency contract was unenforceable for lack of mutuality, sufficiency of evidence to go to jury on question whether agent was wrongfully discharged *held* immaterial.

**5. Trial ⬤⇒180—Within court's discretion to withdraw case and direct verdict where jury disagree.**

Where case was submitted to jury and they could not agree, *held* within discretion of court to withdraw case and direct verdict.

**˙6. Dismissal and nonsuit ⬤⇒12—Permitting dismissal of cross-action to which plaintiff had affirmatively pleaded held not erroneous.**

Permitting dismissal of cross-action without prejudice to which plaintiff had pleaded affirmatively *held* not erroneous, since such dismissal in no wise affected affirmative pleadings of plaintiff to it.

**7. Dismissal and nonsuit ⬤⇒7(3)—Permitting dismissal after retirement of jury held within court's discretion.**

It is within discretion of court to permit dismissal after retirement of jury and before they have reached decision, notwithstanding provision, Rev. St. art. 1955, that plaintiff may take nonsuit at any time before jury have retired.

**8. Appeal and error ⬤⇒1061(2)—Plaintiff held uninjured by dismissal of cross-action after submission to jury, where they could not agree.**

Permitting dismissal of cross-action without prejudice after submission of case to jury *held* not to injure plaintiff, where jury could not agree, and where court withdrew case and directed verdict.

Appeal from District Court, Cooke County; C. R. Pearson, Judge.

Action by W. J. Clement against the Producers' Refining Company and others, in which the defendants filed a cross-action. From a judgment in his favor for less relief than demanded and dismissing without prejudice defendant's cross-action, plaintiff appeals. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellant.

H. O. Caster, of Bartlesville, Okl., and Phillips, Trammell & Chizum, of Fort Worth, for appellees.

BAUGH J. On January 13, 1916, the Home Petroleum Company employed W. J. Clement under the following contract:

"Home Petroleum Company.

"Fort Worth, Texas, January 13, 1916.

"W. J. Clement, Gainesville, Texas—Dear Sir: You are hereby appointed agent for the Home Petroleum Company at Gainesville, effective December 1, 1915.

"Your duties will be to sell and distribute there, and in the territory hereafter designated by us in writing as tributary thereto, the goods and products which you may be supplied by the company, to collect accounts due or which may become due the company in that locality, to look after and properly care for all property of the company which may be placed in your charge; to make reports and perform other duties as may be required by the company from time to time; and to faithfully and accurately account for all funds, goods, products and property of every kind belonging to the company coming into your possession or under your control. And all indebtedness from you to the company shall be payable at home office.

"Prices.—You are to be governed strictly in making sales by the prices fixed by our general manager in writing, and whenever your commission is divided with the buyer, this appointment is revocable.

"Remittances.—It will be your duty to remit daily, unless otherwise instructed, the proceeds of all collections.

"Bonds.—You will be required to give bond in an approved surety company for $500, to be paid for by the company.

"Compensation.—In full payment for all your services and for the further consideration of your bearing all expenses incident to the operation of Gainesville station, except freight, license, and taxes, you will receive the following commissions:

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted April 22, 1925.

Home gasoline ...................................:........ .015
Homelite kerosene .................................. .0200
Home auto oil.............................. 15 per cent.
Rex auto oil.............................. 15 per cent.

"An additional commission of one-half cent per gallon Homelite kerosene and one-fourth of one cent on Home gasoline will be allowed on deliveries made to the country towns outside of Gainesville.

"This agreement is to remain in effect for twenty-four months from date, with the privilege of renewal for twenty-four months.

"That are authorized to be sold by you through Gainesville Agency. It is further understood that your commission is based on less than carload sales only, and that no commission is to be paid on carload sales, unless agreed to in writing by the employee and general manager, prior to the date such sale is made.

"The commission herein agreed upon is for compensation for all other services rendered by said employee for Home Petroleum Company.

"Transfers.—Commission of one-half cent per gallon on gasoline, naphtha, and kerosene. One cent per gallon on lubricating oils, and five cents per case on case goods, is allowed.

"This cancels all agreements, verbal or written, as to remuneration or employment, heretofore existing.

"Kindly sign the acceptance clause below, and return one of the duplicate parts of this letter. It will then operate as our contract.
"Not subject to cancellation.
"Home Petroleum Company,
"By Hugo H. Hoevel, Sec'y. and Mgr.
"I accept the appointment and agree to all the terms and conditions in the foregoing.
"W. J. Clement, Agent."

The Home Petroleum Company was thereafter dissolved, and succeeded by the Producers' Refining Company, which took over its business, including this contract. On or about September 29, 1917, the Producers' Refining Company discharged Clement. He then brought this suit for $25,000 damages for breach of the contract above set out. The Producers' Refining Company filed a cross-action for certain moneys which it claimed Clement had collected and not accounted for. The case was submitted to a jury on special issues, but after the evidence was closed and they had had the case under consideration for some 24 hours, the court permitted the Refining Company to withdraw its cross-action, and instructed the jury to return a verdict in favor of plaintiff for $465. This sum was for commissions due plaintiff for products sold while in appellee's employ. The court then rendered judgment for said sum, dismissed the Refining Company's cross-action, and denied plaintiff any recovery for breach of contract. From this judgment this appeal is prosecuted.

## Opinion.

[1] Appellant's brief is not prepared according to the rules, but we will consider the main questions raised on the appeal. The first issue presented is whether or not the contract above set out is enforceable. Appellee's contention is that it is unilateral, and therefore not binding on either party to it.

It is well settled that a contract to be valid must be mutual and binding upon both parties. H. & T. C. Ry. Co. v. Mitchell, 38 Tex. 85; Ft. Smith Couch & Bedding Co. v. George (Tex. Civ. App.) 222 S. W. 335; Clegg v. Brannan, 111 Tex. 367, 234 S. W. 1076. It will be noted that appellant was appointed agent at Gainesville "and in the territory hereafter designated by us in writing as tributary thereto." Other than in the city of Gainesville it thus appears that Clement's territory was a matter wholly at the discretion and option of his employer. In the absence of a designation he could claim no territory other than Gainesville, nor could he under said contract, in case of refusal by the company to designate any additional territory, compel it to do so. Hence, as to any additional territory, the contract lacked mutuality. However, if this were the only obstacle the contract would be binding anyway within the city of Gainesville. But no salary was to be paid, and the only compensation to which appellant was to receive was his commissions, as specified in the contract, on "the goods and products which you may be supplied by the company." Also the prices on such goods and products were to be determined entirely by the general manager of the company. Nowhere does the employer agree to furnish either a specific or ascertainable quantity of "goods and products" for sale by the agent. Nor does said contract provide that appellant should be furnished such quantity at prevailing market prices, or at any other price, as would be reasonably required to supply the demand or trade built up by said agent. The company did not bind itself to meet competition, and had prices been reduced by other concerns handling similar products to a point which would not yield a profit to appellee in case it met such prices by reductions, or had there occurred a shortage of its "goods and products," or a demand for them elsewhere which made it more profitable to the company to curtail shipments to appellant, or even to decline to ship him any at all, it could have done so under the contract. The quantity of the "goods and products" to be furnished him and the prices at which they could be sold were matters entirely at the will and within the discretion of the employer, and through that control the Home Petroleum Company and its successor could have as effectually terminated the contract sued upon as if such power to terminate it at will had been provided in the contract in express terms. In such cases it is well settled that mutuality is lacking and the contract unenforceable. 13 C. J. 337; Louisville Tobacco Warehouse Co. v. Zeigler, 196 Ky. 414, 244 S.

W. 899, presents a contract very similar to the one here presented, and the Court of Appeals of Kentucky fully discussed in that case· the issue raised in this case, holding that upon the breach of such contract the adverse party cannot enforce the unexecuted portions of same. See, also, Goff v. Saxon, 174 Ky. 330, 192 S. W. 24; Johnson v. Breckenridge-Stephens Title Co. (Tex. Civ. App.) 241 S. W. 195; Welch v. Phelps & Bigelow Wind Mill Co., 89 Tex. 653, 36 S. W. 71; El Paso Light & Power Co. v. El Paso, 22 Tex. Civ. App. 309, 54 S. W. 798.

[2] Of course appellant was entitled to recover whatever he had earned under the executed portion of his contract; that is, his commissions ·on the products sold by him prior to his discharge.

[3] Having concluded that the contract was unilateral and therefore not enforceable, appellant was not entitled to recover any damages for a breach thereof and the trial court properly so held. Nor did the provision "not subject to cancellation" add any binding force to a contract otherwise unenforceable.

[4] Appellant earnestly insists that there was sufficient evidence to go to the jury on the question of whether or not appellant was wrongfully discharged for failure to· keep proper books, to faithfully account to his employer for all sales, collections, etc., and to otherwise comply with the terms of the contract. Had the contract been valid and enforceable otherwise, we think there was sufficient evidence to carry that issue to the jury. But in view of the conclusion we have reached as to the contract itself, the reasons for the discharge of appellant become immaterial, and we pretermit a further discussion of that issue.

[5] Nor was it reversible error for the trial court after the case was submitted to the jury and they could not agree, to withdraw it from them and direct a verdict. In an opinion by this court written by Chief Justice Key, it was expressly· held that such action is within the discretion of the trial court. Citizens' Nat. Bank v. Abeel (Tex. Civ. App.) 160 S. W. 610. Nor was such discretion abused in the instant case. So far as damages for breach of the contract were concerned, the trial court properly refused to allow any recovery thereof. So far as the amount due appellant as commissions was concerned, the judgment was for a larger amount ·than appellant's own testimony would authorize, and he cannot now be heard to complain.

[6, 7] Nor did the .court err in dismissing without prejudice the Producers' Refining Company's cross-action. In such cross-action the Refining Company occupied the position of plaintiff, and though the appellant had in that connection set up a claim for certain commissions due him, his claim was not in any wise affected or prejudiced by a dismissal by the Refining· Company of its claim. The dismissal of such cross-action in no wise affected the affirmative pleadings of the plaintiff and he could have proceeded under his pleadings as fully after such dismissal as if no such cross-action had ever been filed. Under such circumstances, it was not error to permit a dismissal. Walker v. Haley (Tex. Civ. App.) 236 S. W. 544; Taylor v. Hill (Tex Civ. App.) 183 S. W. 836; Blunt v. Houston Oil Co. (Tex. Civ. App.) 146 S. W. 248. Though article 1955, Revised Statutes, does provide that "at any time before the jury have retired, the plaintiff may take a nonsuit," we do not understand it to preclude such party absolutely. from taking a nonsuit under all conditions, even after the jury may have retired. Under this statute he is entitled as a matter of right to dismiss his suit at any time prior to retirement of the jury. After they have ·retired, and before they have reached a decision, a better rule would seem to be to leave the matter to the discretion of the trial court as to whether he would permit such withdrawal, and to review such action on appeal in case the trial court abuses his discretion. Carpenter v. Dressler, ·76 Ark. 400, 89 S. W. 89; Wilhelm v. Bains, 147 Ky. 832, 145 S. W. 1125. It has been the tendency of the Texas courts to give a liberal construction to a party's right to take a non-. suit under article 1955. Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735; 18 C. J. 1155; Kelly v. Bank (Tex. Civ. App.) 233 S. W 782, and cases there cited; Hutchings v. Royal Bakery & Confectionery Co., 60 Or. 48, 118 P. 185.

[8] In any event, however, we do not see where appellant could have been injured by the dismissal of the cross-action against him, as it appears that the jury had not agreed and could not agree upon the issues presented to them, one of which was appellee's .cross-action.

Other issues are raised by appellant, but, under the view we have taken of the contract, we have not deemed it necessary to discuss them.

Finding no reversible error in the record the judgment of the trial court is affirmed.

Affirmed.