### HOUSTON & T. C. R. CO. v. McDADE et al. (No. 2026.)

Court of Civil Appeals of Texas. El Paso. April 28, 1927.

Rehearing Denied May 26, 1927.

1. Dismissal and nonsuit ⟺2—Statute authorizing nonsuit is liberally construed in favor of right.　•

Right to take nonsuit is expressly conferred by statute, and such statute is liberally construed in favor of the right.

2. Dismissal and nonsuit ⟺7(2)—Plaintiff held entitled to take nonsuit before any charge was submitted to jury, notwithstanding court's indication that verdict would be directed for defendant.

Plaintiff *held* entitled to take nonsuit, which was requested before any charge had been submitted to jury, in view of statute authorizing nonsuit at any time before jury retires, notwithstanding that court had indicated he would direct verdict for defendant.

Error from District Court, Dallas County; T. A. Work, Judge.

Action by Ernest McDade and others against the Houston & Texas Central Railroad Company. The court permitted plaintiffs to take a nonsuit, and defendant brings error. Affirmed.

Robertson, Robertson & Gannon, of Dallas, for plaintiff in error.

Priest, Herndon & Hughes, of Dallas, for defendants in error.

HIGGINS, J. Defendants in error, children of Charles McDade, deceased, brought this suit against plaintiff in error to recover damages for the death of their father, alleged to have been caused by the negligence of the plaintiff in error, its servants and employees.

The case was tried before a jury. Two witnesses were placed upon the stand by the defendants in error who testified fully upon direct and cross-examination, whereupon the court called counsel for both parties into his office and asked counsel for defendants in error if they had any further testimony to offer relating to the accident in which the deceased lost his life, to which counsel for de-

---

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendants in error replied they had not; whereupon the court informed counsel for defendants in error he thought the evidence so far introduced showed a clear case of contributory negligence on the part of the deceased and he would give a peremptory charge to the jury to find for the plaintiff in error. The bill of exception further shows as follows:

"The court at the time explained to counsel for plaintiffs that, in so much as it appeared to him that all of the fact witnesses had been introduced, he called them to his chamber at that time so that testimony as to damages could be briefly introduced so as to make a case for plaintiffs in the event they desired to appeal from his decision.

"Be it further remembered that after said conversation between counsel for plaintiffs and the court and counsel for defendant it was agreed by and between counsel for plaintiffs and for the defendant and the court that counsel for plaintiffs would introduce one of the plaintiffs, who would testify as to damages, so as to make a case on the question of damages for all of the plaintiffs, it being agreed that the questions propounded to said witness by counsel for plaintiffs would not be objected to by counsel for defendant; it being understood at that time that the only thing further to be done in the case was for plaintiffs to have their damages, and that surely when this was done the court would direct a verdict for the defendant.

"Be it further remembered that, in pursuance of said arrangement, counsel for plaintiffs thereupon introduced one of the plaintiffs who testified on the question of damages as to all of the plaintiffs, and that thereupon the plaintiffs and each of them rested; that thereupon counsel for defendant moved for a directed verdict on behalf of the defendant and against the plaintiffs, and that, immediately after said motion was made, the court, counsel for plaintiffs, and defendant retired to the court's chambers (this being done to save the jury the trouble of being retired from the box), and that thereupon the question of whether or not the court would direct a verdict was further argued and discussed by counsel for plaintiffs and for defendant and by and with the court, and that, after such argument and discussion, the court announced that he was still of the opinion that the defendant was entitled to a peremptory instruction in its favor and that such instruction would be given, and requested counsel for defendant, one G. G. Gannon, to go to the office of the official court reporter then in attendance upon the court and prepare the charge of the court and the form of the verdict; that said G. G. Gannon, counsel for the defendant, did go to the office of the official court reporter and dictated said charge; that, while he was gone and out of the courtroom, the court resumed the bench; that, while counsel for defendant was out of the room dictating the charge of the court and while the court was on the bench, Mr. Hughes of counsel for plaintiffs told the court that he wanted to consult with his cocounsel and leading counsel, Mr. Priest, with reference to whether or not plaintiffs would take a nonsuit; that, after said counsel for defendant, G. G. Gannon, returned to the courtroom and to the court's desk, and after dictating the charge of the court and while said charge was being prepared by the court stenographer, Mr. Hughes and Mr. Priest, counsel for plaintiffs, then for the first time stated that plaintiffs would take a nonsuit.

"Be it further remembered that the defendant then and there in open court objected to the court allowing and permitting plaintiffs and each of them to take a nonsuit; that, after such objection on the part of the defendant, the matter was discussed, and the court being in doubt as to his authority to permit a nonsuit to be taken, sent for authorities, and, after examining such authorities as could be found, decided that the plaintiffs were entitled under the law to take a nonsuit and that the court had no other recourse but to allow same to be taken, and thereupon did permit plaintiffs and each of them, over the timely and seasonable objection of the defendant, to take such nonsuit and entered said order upon the docket and upon the minutes, to which action of the court in overruling and in not sustaining defendant's objection to plaintiffs' and each of them and to the action of the court in permitting plaintiffs and each of them to take a nonsuit, defendant then and there in open court duly excepted, and here now tenders its bill of exceptions No. 1, and prays that the same be examined and approved and ordered filed as a part of the record."

Plaintiff in error submits it was error under the circumstances shown to permit the defendants in error to take a nonsuit.

[1] The right to take a nonsuit is expressly conferred by statute, and the statute is liberally construed in favor of the right. Weil v. Abeel (Tex. Civ. App.) 206 S. W. 735; Kelly v. Bank (Tex. Civ. App.) 233 S. W. 782, and cases there reviewed; Clement v. Producer's, etc. (Tex Civ. App.) 270 S. W. 206.

[2] The disposition of the last-cited case was modified upon writ of error, but not as to this proposition. See 277 S. W. 634. Even after submission of the case to the jury, the court in its discretion may permit a nonsuit. Clement v. Producer's, etc. (Tex. Civ. App.) 270 S. W. 206. Through inadvertence or misconception of what is necessary to be proven the plaintiff may fail to make a case though the defect in the proof may be available and easily supplied in a new suit. The right to take a nonsuit is valuable, and "it is important that the substance and not the shadow alone of the right shall be preserved." Hoodless v. Winter, 80 Tex. 638, 16 S. W. 427. The statute (Rev St. 1925, art. 2182) says: "At any time before the jury has retired, the plaintiff may take a nonsuit." This language is plain.

In this case the plaintiff asked and was granted leave to take a nonsuit before any charge had been submitted to the jury. They had the absolute right under the statute to the nonsuit, and the court did not err in permitting them to take the same.

Plaintiffs in error rely upon Adams v. Ry. Co. (Tex. Civ. App.) 137 S. W. 437, and Wood v. Moers (Tex. Civ. App.) 289 S. W. 1017, decisions by Courts of Civil Appeals, where it is said that in an action tried before a jury and a motion is made by the defendant for a

directed verdict in its favor, and the court decides that the motion must be sustained, the question of when plaintiff may take the nonsuit must be determined by the statute governing in cases tried before the court without a jury and not by the statute providing when a nonsuit·may be taken in cases before a jury.

Chief Justice PELPHREY and the writer do not concur in the rule so announced, but, tested by such rule, the present judgment must be affirmed, for the trial court in the present case had done no more than express his opinion as to the disposition which should be made of the motion for an instructed verdict, and had not rendered his decision upon the motion. Kidd v. McCracken, 105 Tex. 383; 150 S. W. 885.

Affirmed.