# FEBRUARY, 1947

EMORY B. SMITH V. COLUMBIAN CARBON COMPANY.

No. A-1046. Decided January 8, 1947.
Rehearing overruled February 5, 1947.
(198 S. W., 2d Series, 727.)

*Ned G. Wallace,* of Conroe, and *D. A. Frank,* of Dallas, for petitioner.

The trial court erred in not allowing plaintiff to take a nonsuit as asked for, and it was error for the Court of Civil Appeals to affirm that action. Renfro v. Johnson, 142 Texas 251, 177 S. W. (2d) 600; First Natl. Bank v. Childs, 231 S. W. 807; Corder v. Corder, 189 S. W. (2d) 101.

*Bryan & Bryan* and *Austin Y. Bryan, Jr.,* all of Houston, *Pitts & Liles* and *J. L. Pitts,* all of Conroe, for respondent.

It was not error to refuse plaintiff the privilege of dismissing his case after the decision of the trial court had not only been announced but had been reduced to writing and filed with the clerk. Texas Textile Mills v. Gregory, 142 Texas 308, 177 S. W. (2d) 938; Billingsler v. Greaves, 196 S. W. (2d) 945; Jacobs v. Gasow-Howard Motor Co., 55 S. W. (2d) 641.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an action for damages to plaintiff's property caused by soot emanating from a carbon black plant owned and operated by the defendant. The trial court instructed a verdict for defendant and its judgment was affirmed by the Court of Civil Appeals. 196 S. W. (2d) 660.

We are of the opinion that the judgments of the trial court and Court of Civil Appeals must be reversed because of the refusal of the trial court to allow plaintiff to take a nonsuit.

The bill of exceptions shows that at the close of the evidence the defendant moved for an instructed verdict. The court heard argument and announced that the matter would be taken under consideration until the next morning. The next morning, prior to the convening of court, counsel for plaintiff asked the judge if he had made up his mind as to whether he would grant or refuse the motion, and was informed by the judge that he had reached a decision but would not disclose what the decision was until attorneys for both sides were present. When court convened the judge stepped down from the bench and invited counsel to accompany him into his chambers adjoining the courtroom. The bill recites: "In chambers, the Court stated that he had considered the motion carefully and that it was his considered judgment that the motion for instructed verdict should be granted and that he was granting it." Counsel for defendant then prepared an order granting an instructed verdict and the charge to be given to the jury. The bill further recites: "The Court thereupon signed said order granting the instructed verdict, and delivered it to Mrs. Dorothy Glass Wilson, Deputy District Clerk. The Court then signed his charge to the jury, and the Deputy District Clerk filed the same. Thereupon the Court took his charge and verdict and returned to the bench for the purpose of reading the same to the jury. Hon. D. A. Frank inquired as to whether or not the Court had prepared his charge. Upon being assured that he had, D. A. Frank, counsel for plaintiff, then, for the first time, advised and informed the Court that Plaintiff desired to take a non-suit. The

Court refused to entertain the motion and permit the Plaintiff to take a non-suit * * *."

Rule 164, Texas Rules of Civil Procedure, reads as follows:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

■ So long as the rule recognizes the right of a plaintiff to take a nonsuit we see no good reason why it should be given strict or technical application. In fact, it is generally held that the rule is to be construed liberally in favor of the right granted. 15 Tex. Jur. 237; 27 C. J. S. 161; Vincent v. Bell (Civ. App.), 22 S. W. (2d) 753 (writ dismissed) Houston & T. C. R. Co. v. McDade (Civ. App.), 295 S. W. 318 (writ refused); Kelly v. National Bank of Denison (Civ. App.), 233 S. W. 782 (writ dismissed); Clement v. Producers' Refining Co. (Civ. App.), 270 S. W. 206; Weil v. Abeel (Civ. App.), 206 S. W. 735. In the case of Hoodless v. Winter, 80 Texas 638, 641, 16 S. W. 427, 428, it was said:

"Owing to the unexpected contingencies that may occur during a trial, it is a privilege which it may become necessary for the most careful and diligent litigant to exercise, and *it is important that the substance, and not the shadow alone, of the right shall be preserved.*" (Italics ours.)

In the case of Texas Electric Ry. Co. v. Cox (Com. App.), 49 S. W. (2d) 725, it was held that where the defendant moves for a peremptory instruction the plaintiff's right to take a non-suit is controlled by the portion of the rule applicable to cases tried before the court without the intervention of a jury. In that case it was further said:

"Under such circumstances, the request for a nonsuit is timely if made before the judge has in open court announced his ruling granting such motion. Adams v. St. Louis Southwestern R. Co. (Tex. Civ. App.), 137 S. W. 437; Wood v. Moers (Tex. Civ. 289 S. W. 1017."

In the case at bar the judge had announced in chambers that he was granting the motion for an instructed verdict and he thereupon signed an order to that effect and delivered it to the

Clerk to be entered in the minutes, but the decision had not been announced in open court.

It is generally contemplated that the judgment of the court will be pronounced in open court. 25 Tex. Jur. 429; Bridgman v. Moore, 143 Texas 250, 183 S. W. (2d) 705. We do not wish to be understood as holding that a valid decision cannot under any circumstances be announced in the judge's chambers. In fact, it has been held, with the approval of this Court, that where the attorneys and the judge repair to the judge's chambers by common consent for the purpose of discussing and deciding a case, the judgment so rendered under such circumstances is valid. Doeppenschmidt v. City of New Braunfels (Civ. App.), 289 S. W. 425 (writ refused). See also Bridgman v. Moore, supra. However, we are of the opinion that in a case like this, until the decision to give an instructed verdict has been announced in open court, the plaintiff has a right to take a nonsuit.

■ The fact that counsel for plaintiff had learned what the decision of the court would be when the court convened did not cut off the right of counsel to take a nonsuit so long as that decision has not been announced. On this point this Court said:

"It seems to us to be immaterial to the exercise of the right to take a non-suit, that the plaintiff is made aware of the court's view of the case from the expression of the court's opinion, or from any other source. Such knowledge may serve as the vital reason why the party desires to get his case out of court. His information of how the court will decide cannot affect the plaintiffs' right to a non-suit, where the decision has not been announced." Kidd v. McCracken, 105 Texas 383, 385, 150 S. W. 885, 886. See also Weil v. Abeel (Civ. App.), 206 S. W. 735; Houston & T. C. Ry. Co. v. McDade, 295 S. W. 318.

Because of the error of the trial court in this respect the judgments of the trial court and Court of Civil Appeals must be reversed. This ruling makes it unnecessary for us to consider the other points discussed in the opinion of the Court of Civil appeals.

The judgment of the trial court and Court of Civil Appeals are reversed and the cause is remanded to the trial court with instructions to dismiss plaintiff's suit as per his request.

Opinion delivered January 8, 1947.

Rehearing overruled February 5, 1947.