Ray MITCHELL and Max Atkins, Appellants,

v.

Clyde COKER, Appellee.

No. 5491.

Court of Civil Appeals of Texas, Waco.

Dec. 4, 1975.

Rehearing Denied Dec. 30, 1975.

John M. Hand, Marlin, Robert A. Canonico, Waco, for appellants.

Robert G. Carter, Marlin, for appellee.

## OPINION

JAMES, Justice.

This case involves the right of Plaintiffs to take a non-suit under Rule 164, Texas Rules of Civil Procedure. The trial court refused to allow the Plaintiffs to take a non-suit, whereupon the court granted Defendant's motion for instructed verdict and entered judgment for Defendant, from which Plaintiffs appeal. We reverse and render.

This was a suit brought by the purchasers under a contract for sale of land against the seller to recover damages for breach of a fiduciary relationship. Trial was to a jury, and after Plaintiffs and Defendant had rested, Defendant's attorney announced that he wished to file a motion for instructed verdict, whereupon the court called the attorneys for the parties to the bench and stated that rather than retire the jury he would hear the matter in chambers. There being no objection, the court, attorneys and court reporter retired to chambers, where the attorney for Defendant dictated his motion for instructed verdict.

The trial court heard the arguments for and opposing the motion and announced that he would grant the Defendant's motion for an instructed verdict and dismiss the jury, whereupon the parties returned to the courtroom. The Plaintiffs' attorney asked the Defendant's attorney if he was abandoning his cross-action, to which Defendant's counsel replied that he had not presented his cross-action and that he had no intention to pursue it. At this point, Plaintiffs' attorney announced that he took a non-suit. The trial court stated that he would not be allowed to take a non-suit because the court had already announced (in chambers) that he had granted the Defendant's motion and was going to dismiss the jury. To this Plaintiffs' counsel duly excepted.

The trial court thereafter entered a judgment wherein it was recited that he had granted Defendant's motion for instructed verdict and in which he entered judgment for Defendant, from which judgment Plaintiffs appeal.

Rule 164, Texas Rules of Civil Procedure, provides:

"At any time before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may be taken at any time before the decision is announced."

It is well settled law in Texas that when a suit is tried before a jury and motion is made for an instructed verdict, that the rule governing non-suit is the same as that applied in a case tried before the court without a jury, that is to say, that non-suit may be taken at any time before the decision is announced *in open court.* *Texas Electric Railway Co. v. Cox* (Tex. Comm.App.1932) 49 S.W.2d 725, 89 A.L.R. 11, opinion approved by our Supreme Court; *Smith v. Columbian Carbon Co.* (1947) 145 Tex. 478, 198 S.W.2d 727. It has generally been held that Rule 164 is to be construed liberally in favor of the right granted to take a non-suit. *Smith* cited above; *Corder*

*v. Corder* (El Paso, Tex.Civ.App.1945) 189 S.W.2d 100, writ refused; *Roberts v. Morgan* (Fort Worth, Tex.Civ.App.1973) 502 S.W.2d 31, error refused NRE; volume 4, McDonald, Texas Civil Practice (1971 Revised Volume), Section 17.16.2, pages 91 et seq.

■ In the case at bar, although the trial court had announced to the attorneys for both sides in chambers that he intended to grant Defendant's motion for instructed verdict, yet the court had not announced his decision *in open Court* at the time Plaintiffs moved for a non-suit. At this point, Plaintiffs were entitled to take a non-suit, and the trial court's refusal to allow same was error. For this reason we reverse the cause and hereby render judgment allowing the non-suit as prayed for by Plaintiff-Appellants.

Reversed and rendered.