In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00153-CR
______________________________


CAMERON JAMES SUTOR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Criminal Court No. 3
Dallas County, Texas
Trial Court No. MB0343487-C


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Cameron James Sutor was charged with theft of property of at least $50.00 but less than
$500.00. He waived a jury trial. After a nonjury trial, Sutor was found guilty by the trial court and
sentenced to 180 days' confinement in jail and a fine of $400.00. He was placed on community
supervision for a period of twelve months. His appeal challenges the legal and factual sufficiency
of the evidence.
Facts
            Jessica Diane Zachary testified that she was the assistant manager of a Dollar Store and that,
on the day in question, Sutor and a female entered the store and began placing merchandise in
shopping carts. While Zachary was registering all of the items at the checkout, she allowed them
to begin to take the merchandise to the car. Sutor began placing items in the car. After all items
were loaded into the car, the female began to present a check to Zachary for payment, and Sutor left
the store. The female did not have proper identification to accompany the check, and Zachary told
her that, without proper identification, she could not accept the check. At that time, the female left
the check and opened the door and loudly said, "We're going to have to bring all that stuff back in,"
and began to walk out of the store. She appeared to direct the statement to Sutor. The doors of the
store are directly in front of the counter, with the parking lot to the left. The female opened the door
and faced toward their vehicle when she made the statement. Zachary obtained a pen and paper and
walked out to the car. As "they were driving off," she got the license plate number. The total
amount of merchandise taken was $427.59. When the female made the statement that it was
necessary to return the merchandise, Sutor was outside the store and Zachary did not know where
he was at that time.
Sufficiency of the Evidence
            Sutor contends there is legally and factually insufficient evidence for the court to conclude
beyond a reasonable doubt that he was either the primary actor or that he was criminally responsible
as a party for the acts of the female. Sutor argues that the State's evidence shows only that the female
knew the check was rejected and that there is no evidence Sutor had the intent to promote or assist
in the commission of this offense.
            In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the court to view the relevant evidence
in the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App. 1991). 
            The State argues Sutor was properly found to be responsible as a party to the offense. To
prove Sutor was a party, the State had to prove Sutor committed an act, which solicited, encouraged,
directed, aided, or attempted to aid in the commission of the theft. See Tex. Pen. Code Ann.
§ 7.02(a)(2) (Vernon 2003). The evidence must show that, at the time of the offense, the parties
were acting together, each contributing some part toward the execution of the common purpose. 
Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986). In determining whether a defendant
participated in an offense as a party, the court may examine the events occurring before, during, and
after the commission of the offense, and may rely on the actions of the defendant which show an
understanding and common design to commit the offense. Beier v. State, 687 S.W.2d 2, 4 (Tex.
Crim. App. 1985). Mere presence at the scene of a crime is not alone sufficient to prove that a
person is a party to the offense, although it is a circumstance tending to prove guilt, which, combined
with other facts, may suffice to show that the accused was a participant. Beardsley v. State, 738
S.W.2d 681, 685 (Tex. Crim. App. 1987); Barnes v. State, 62 S.W.3d 287, 297 (Tex. App.—Austin
2001, pet. ref'd). To establish liability as a party, in addition to the illegal conduct by the primary
actor, it must be proven that the secondary actor harbored the specific intent to promote or assist in
the commission of the offense. Barnes, 62 S.W.3d at 296; Pesina v. State, 949 S.W.2d 374, 382
(Tex. App.—San Antonio 1997, no pet.). The accused must know that he or she is assisting in the
commission of an offense. Pesina, 949 S.W.2d at 382.
            In this instance, Sutor could only be convicted as a party. As such, the State was required
to prove the theft, plus an act by Sutor done with the specific intent to promote or assist in the
commission of theft.
            This is where the evidence fails. There is no evidence that Sutor did any act with an intention
to promote or assist a theft or that he knew he was assisting in the commission of an offense. 
            Reviewing the evidence that is most favorable to the verdict, we find that Sutor and a female
loaded merchandise into shopping carts and, with permission of the clerk, took the merchandise to
a vehicle. As the female was attempting to write a check for payment, Sutor left the premises. There
is no evidence Sutor ever knew the clerk rejected payment by the check. The only evidence in that
regard concerns the female shouting from inside the store that the merchandise had to be returned. 
The clerk acknowledged she did not know where Sutor was at that time. There is no evidence as to
where either Sutor or the car was located in relation to the store or to the female when she made the 
statement. There is no evidence as to the size of the parking lot that might allow an inference Sutor
heard the remark. None of Sutor's other actions show any intent to assist in the commission of a
theft. There is no evidence as to which of the parties was driving the vehicle. There is no evidence
of any actions showing the parties had an understanding or design to commit theft. After reviewing
the relevant evidence in the light most favorable to the verdict, we have determined that a rational
trier of fact could not have found beyond a reasonable doubt the essential elements to convict Sutor
as a party to the offense. 
            We find that the evidence is legally insufficient, and we reverse the judgment and render a
judgment of acquittal.



                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          June 1, 2004
Date Decided:             June 2, 2004

Do Not Publish



We hold
that the subsequently filed motion for attorneys' fees was not timely and thus does not support a
request for attorneys' fees.
            Young requested the nonsuit February 23, 2005. Doolin's filed its motion for attorneys' fees
February 28, 2005. The trial court did not sign the order granting the nonsuit until June 22, 2005.
Doolin's contends that, because the motion was filed before the order granting the nonsuit, it was
pending at the time of the dismissal and therefore timely within Rule 162. See Tex. R. Civ. P. 162. 
            Any pleading requesting attorneys' fees must have been filed before Young's request for
nonsuit, not before the trial court's order granting that request. Absent a pending claim for
affirmative relief, sanctions, attorneys' fees, or other costs, a nonsuit is effective on request. Granting
a request for nonsuit is a purely ministerial duty. A trial court's refusal to grant the nonsuit would
violate that duty. Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 58 (Tex. 1991); Greenberg v.
Brookshire, 640 S.W.2d 870, 872 (Tex. 1982); see also Tex. R. Civ. P. 162 cmt. If an opposing
party has no claim for affirmative relief pending, a trial court's jurisdiction over a cause ends when
a notice of nonsuit is given for the only pending claim for affirmative relief. In effect, in such a
situation, the filing of a nonsuit divests a trial court of its subject-matter jurisdiction. Williams v.
Nat'l Mortgage Co., 903 S.W.2d 398, 402 (Tex. App.—Dallas 1995, writ denied).
            Doolin's contends that, if the motion for attorneys' fees was late under Rule 162, the trial
court still had the authority to award attorneys' fees because the motion was filed before the
expiration of the court's plenary power. In support, Doolin's cites several cases, including Scott &
White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996); see also Cooter & Gell v.
Hartmarx Corp., 496 U.S. 384 (1990); In re Bennet, 960 S.W.2d 35, 38 (Tex. 1997). 
            Each of the cases cited by Doolin's is distinguishable from the present case. Schexnider and
the others all discuss a trial court's jurisdiction to impose sanctions after a request for nonsuit has
been made. We recognize that attorneys' fees may be awarded as sanctions. Brantley v. Etter, 677
S.W.2d 503, 504 (Tex. 1984). But attorneys' fees are not identical to sanctions as Doolin's suggests,
and the trial court did not award either.
            Courts possess the inherent power to sanction an attorney's behavior. Bennet, 960 S.W.2d
at 40; Onstad v. Wright, 54 S.W.3d 799, 804 (Tex. App.—Texarkana 2001, pet. denied). In contrast
to an award for attorneys' fees, sanctioning counsel does not involve a judgment on the merits of the
action. Rather, it requires the determination of a collateral issue: whether the attorney has abused
the judicial process, and, if so, what sanction would be appropriate. Bennet, 960 S.W.2d at 39. 
Sanctions often do not operate on the underlying merits of a case, whereas an award of attorneys' fees
necessarily stems from the merits of a case.
            Further, assuming that a trial court has the authority to consider a motion for attorneys' fees
filed after a nonsuit request, Doolin's has cited no authority that would require the trial court to
consider such a motion. Schexnider and the other cases cited by Doolin's all involved situations
where the trial court had decided to impose sanctions. None of the cases stands for the proposition
that a trial court must award attorneys' fees requested after a request for nonsuit.
(2)       Doolin's Was Not the "Prevailing Party" in the Bill of Review Proceedings
            Attorney's fees are available to the prevailing party in a bill of review action if there is a legal
basis for awarding them pursuant to the underlying cause of action. Palomin v. Zarsky Lumber Co.,
26 S.W.3d 690, 696 (Tex. App.—Corpus Christi 2000, pet. denied); see also Meece v. Moerbe, 631
S.W.2d 729, 730 (Tex. 1982). There is no dispute between the parties that Doolin's was entitled to
attorneys' fees in the underlying collection action. Young contends Doolin's is not entitled to
attorneys' fees accrued during the bill of review proceedings because it was not a "prevailing party"
in that action. We agree.
            A determination of whether a party is the prevailing or successful party "must be based upon
success on the merits . . . ." Nicholson v. Tashiro, 140 S.W.3d 445, 447 (Tex. App.—Corpus Christi
2004, no pet.), citing City of Amarillo v. Glick, 991 S.W.2d 14, 17 (Tex. App.—Amarillo 1997, pet.
denied). Due to the nonsuit, the merits of the bill of review were never reached by the trial court. 
Therefore, Doolin's had no opportunity to prevail on the merits.
            The "prevailing party" has alternatively been described as the party who is vindicated by the
trial court's judgment. Brown, 135 S.W.3d at 347. As we said in Brown, "The prevailing party is
typically described as the party to a suit that either successfully prosecutes the action or defends
against it, prevailing on the main issue, even though not to the extent of its original contention." Id. 
The trial court's order granting the nonsuit shows that Doolin's does not fit either of these
descriptions.
            The trial court dismissed the case without prejudice. Because, under the order, Young
retained a right to refile his case, Doolin's was not vindicated by the trial court's judgment, nor did
it prevail on the merits. The merits of the main issue were not decided. The bill of review action
was simply put aside with the possibility that it would be revisited at a later time.
            Doolin's cites several cases in support of its contention that it was the prevailing party. 
Cooter & Gell, 496 U.S. 384, is inapplicable to the instant case. In Cooter & Gell, the issue before
the United States Supreme Court was whether sanctions could be imposed under Rule 11 of the
Federal Rules of Civil Procedure after a nonsuit was taken. The Court did not address the
"prevailing party" issue.
            Doolin's also cites Terry v. Howard, 546 S.W.2d 66, 69 (Tex. App.—Dallas 1976, no writ). 
In that case, the plaintiff nonsuited a group of defendants that it had served by publication requiring
the  appointment  of  ad  litem  attorneys.  The  Dallas  court  held  that  the  plaintiff  should  pay
the ad litem attorneys' fees even though it had nonsuited those defendants. That case is distinguished
by the presence of the ad litem attorneys' fees. Ad litem attorneys' fees are taxed as part of the costs
of court. Tex. R. Civ. P. 244. The party requesting nonsuit is always responsible for court costs. 
Tex. R. Civ. P. 162. The "prevailing party" analysis is not necessary when determining who should
pay court costs. Therefore, the holding in Terry is inapplicable here.
            Perhaps the most similar case cited by Doolin's is Pac. Employers Ins. Co. v. Torres, 174
S.W.3d 344 (Tex. App.—El Paso 2005, no pet.). In that case, an insurance company had requested
judicial review of a decision of the Texas Workers' Compensation Appeals Commission. Three
weeks before the trial date, the insurance company nonsuited its action. The trial court dismissed
the case without prejudice and awarded attorneys' fees to Torres. The appeals court affirmed the
award of attorney's fees, holding that Torres had prevailed on the issue on which judicial review was
sought. Id.
            We are unwilling to extend the holding in Torres to the facts of this case. The Torres
decision was based solely on the court's interpretation of a statute within the Texas Labor Code. See
Tex. Lab. Code Ann. § 408.221(c) (Vernon Supp. 2005). The court noted that its decision was
influenced by the canon that courts should liberally construe workers' compensation provisions in
favor of injured workers. See Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000); see also Cigna
Ins. Co. of Tex. v. Middleton, 63 S.W.3d 901, 903 (Tex. App.—Eastland 2001, pet. denied).
            We are guided by the canon that the rules should be construed liberally in favor of the right
to nonsuit. Greenberg, 640 S.W.2d at 872, citing Smith v. Columbian Carbon Co., 145 Tex. 478,
198 S.W.2d 727 (1947). In contrast to the cases in which a judgment has been rendered, a nonsuit
is a termination of the pleaded causes of action and asserted defenses without an adjudication of their
merits that returns the litigants to the positions they occupied before the plaintiff invoked the court's
jurisdiction. Molinar v. Plains Ins. Co., 660 S.W.2d 845, 849 (Tex. App.—Amarillo 1983, no writ). 
That being so, the taking of a voluntary nonsuit does not constitute litigation of the issues in a case
and does not prejudice the parties against seeking the same relief in a subsequent lawsuit. Rexrode
v. Bazar, 937 S.W.2d 614 (Tex. App.—Amarillo 1997, no writ); In re T.N.V., 855 S.W.2d 102, 103
(Tex. App.—Corpus Christi 1993, no writ); Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.
App.—Houston [1st Dist.] 1989, no writ).
            Because the bill of review was nonsuited, Doolin's was not the prevailing party. Therefore,
Doolin's is not entitled to attorneys' fees incurred during its litigation of the bill of review action.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          November 16, 2005
Date Decided:             January 6, 2006