**BELL et al. v. YOUNG et al. (No. 877.)**

Court of Civil Appeals of Texas. Waco.
Aug. 21, 1929.

Lewis M. Seay, of Groesbeck, for relators.
Crate Dalton, of Dallas, for respondents.

BARCUS, J. In August, 1928, the Sun Set Grand Lodge of Masons of Texas (colored), a corporation, hereafter called Grand Lodge, through its alleged officers, brought an injunction suit in the Seventy-Seventh district court of Limestone county against John A. Bell, Charlie Chaptman, and L. G. Pigford, to restrain them from acting as officers of said Grand Lodge or from calling a meeting of same, or from doing any acts or performing any services as officers of said Grand Lodge, or in any way interfering with the parties named in said petition as the officers thereof. The defendants in said cause answered, contending, in effect, that they as a matter of fact were the proper officers of said Grand Lodge, and that the plaintiffs named in said petition were not officers, nor even members, of said Grand Lodge, or any subordinate lodge of which the Grand Lodge was composed. The trial court in said cause granted a temporary injunction, granting the relief prayed for. The cause was tried on its merits on July 13, 1929, and the temporary injunction was dissolved, and the trial court in said cause entered a judgment which, in effect, held that the defendants in said cause, John A. Bell et al., were the officers of said Grand Lodge, and that the parties named in plaintiffs' petition, P. H. Westbrook et al., were not the officers thereof, and directed and ordered that the plaintiffs in said cause deliver to the defendants therein all of the books, records, and properties of said Grand Lodge. To that judgment the Sun Set Grand Lodge, through P. H. Westbrook and those associated with him, excepted and gave notice of appeal to the Tenth Court of Civil Appeals, and on July 27, 1929, filed and had approved their supersedeas bond.

After the above bond was filed and approved, to wit, on August 6, 1929, the said Grand Lodge, through its alleged officers, P. H. Westbrook and others, said officers joining both in their official and individual capacities, as plaintiffs, brought an injunction suit in the Fourteenth district court in Dallas county, Texas, against the same parties, John A. Bell et al., named as defendants in the suit in the Seventy-Seventh district court in Limestone county, seeking, in substance, the same relief as that which had been denied them on the trial of the case in the Seventy-Seventh district court, which case is now pending on appeal in this court. Hon. Towne Young, sitting for Hon. Kenneth Foree, judge of the Fourteenth district court in Dallas county, granted a temporary writ of injunction as prayed for in the suit filed in Dallas county, restraining the defendants in said suit, John A. Bell et al., from acting as the officers of said Grand Lodge, or performing any of the duties or functions as such officers, or from in any way handling or taking charge of any of the properties of said Grand Lodge, and cited said defendants to show cause why the temporary injunction should not be made permanent. Without filing any answer to the petition and order of the judge of the Fourteenth district court, relators, who are the defendants named in the cause filed in the Fourteenth district court, filed their original application in this court for a writ of prohibition, restraining the judge of the Fourteenth district court, the Sun Set Grand Lodge, and those named in the petition filed in the Fourteenth district court as officers of said Grand Lodge, from prosecuting said suit or entering any orders or taking any action that would in any way interfere with the issues that had been litigated or determined by the suit tried in the Seventy-Seventh District court in Limestone county; their contention being that the issues attempted to be litigated in the Fourteenth district court in Dallas county are identical with the issues that were litigated and determined by the Seventy-Seventh district court in Limestone county adversely to the plaintiffs named in the suit filed in the Fourteenth district court in Dallas, and that any order or any judgment rendered by the Fourteenth district court would have the effect of defeating the jurisdiction

of this court, when it properly comes before it for determination.

The respondents in this court contend that we have no jurisdiction or right to grant the prohibitive writ for three reasons:

(a) They contend that the parties named in the suit which they have filed in the Fourteenth district court are not the same parties as those named in the suit that was filed and tried in the Seventy-Seventh district court in Limestone county.

(b) They contend that it does not appear that the relators have exhausted their legal remedy in the district court of Dallas county, in that they have not filed any motion to dissolve the temporary injunction, nor have they filed any reason in said court why the temporary injunction should not be made permanent; their contention being that, until the judge of the Fourteenth district court has made said injunction final, relators have no right to presume that said court would enter any order that would interfere with the jurisdiction of this court in its disposition of the case that has been appealed from the Seventy-Seventh district court.

(c) They contend that the supersedeas bond filed in the Limestone county case shows that the respondents are not parties and we're not parties to the suit filed in Limestone county.

■ The transcript and the record of the proceedings of the trial court in the case tried in the Seventy-Seventh district court in Limestone county have not as yet been filed in this court. There is attached to and made a part of the application of relators, and the answer of the respondents, copies of the pleadings filed by the respective parties in the Seventy-Seventh district court in Limestone county and the petition filed by respondents in the Fourteenth district court in Dallas county. From an inspection of these papers, its appears that the parties to the litigation in the two respective courts and the relief sought are in effect and for all practical purposes the same; the real contention, as shown by the pleadings, being between the respective parties, P. H. Westbrook and those associated with him on the one side, and John A. Bell and those associated with him on the other side, each contending that they are the duly and legally elected and constituted officers of the Sun Set Grand Lodge of Masons of Texas (colored), and as such are entitled to the control, management, and supervision of said Grand Lodge and all property under its jurisdiction. While it is true, the suit in Limestone county was brought in the name of the Sun Set Grand Lodge by its officers, and the suit in Dallas county is brought by the Sun Set Grand Lodge in the name of its officers, and joined by its officers in their individual capacities, the effect of the petitions is one and the same in so far as the names of the parties plaintiffs and defendants are concerned.

■ Respondents' contention that relators have no right to ask for, neither has this court a right to grant, a prohibitive writ, until relators have exhausted their remedy in the district court of Dallas county, by presenting the facts to said court, on the theory that said court, when it heard the facts, would refuse the writ and would dissolve the temporary injunction, is without merit. If the relators should file their motion to dissolve the temporary writ of injunction in Dallas, and same should be granted, or if it should be refused, it would not prevent the party dissatisfied with said ruling from appealing to the Fifth Court of Civil Appeals; or if the case should be tried on its merits, and judgment final rendered, either denying or granting the injunctive relief sought, it would not prevent the case then being appealed to the Fifth Court of Civil Appeals, and we would have the anomalous condition existing in our court procedure that two district courts acting as trial courts, and two appellate courts acting as such, might render entirely different judgments affecting the same issues and property rights existing between two contending parties.

Unquestionably, this court has a right to grant a prohibitive writ of injunction, in order to protect its jurisdiction over all cases of which it has acquired jurisdiction, and has the right to prohibit any other court from making or entering any order, judgment, or decree that would in any way interfere with the jurisdiction or judgment of this court. This prerogative is given, not only by the Constitution of this state, but by statute and by the constructions placed thereon by our appellate courts. Section 6, article 5, Constitution; article 1823, Revised Statutes 1925; Cattlemens Trust Co. v. Willis (Tex. Civ. App.) 179 S. W. 1115; Long v. Martin (Tex. Civ. App.) 260 S. W. 327; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Long v. Martin, 115 Tex. 519, 285 S. W. 1075; Herring v. Houston Nat. Exch. Bank, 113 Tex. 337, 255 S. W. 1097. It would serve no useful purpose for us to discuss at length the law as relating to, and in support of our power to grant, the relief here sought by relators. Said questions are fully discussed at length in the authorities above cited. Unquestionably this court has a right to restrain the district court in Dallas county from trying a case that is pending on appeal in this court, where the parties and issues are in effect the same. If, as contended by the relators here, the issues that were adjudicated in the Seventy-Seventh district court in Limestone county are the identical ones that are now sought to be litigated between the same parties in the Fourteenth district court in Dallas county, this court has the right, and should, in the exercise thereof, under the powers given by the Constitution and statutes of this state, prohibit the judge of the Fourteenth district court from further proceeding with the trial or disposition of the issues in said cause that

were tried and disposed of by the trial and judgment rendered in cause No. 7671A, styled Sun Set Grand Lodge v. John A. Bell et al., in the Seventy-Seventh district court, and which is now pending before this court for review.

Relator's petition is granted, in so far as it seeks to prohibit the respondents, or either of them, acting as judge of the Fourteenth district court or as parties litigant named in the petition filed in cause No. 81536A, styled Sun Set Grand Lodge et al. v. John A. Bell et al., in said Fourteenth district court in Dallas county, from entering any order or seeking to enforce any temporary or permanent writ of injunction against relators that would in any way affect the issues that were disposed of by the judgment rendered by the district court for the Seventy-Seventh judicial district in Limestone county in cause numbered 7671A in said court, and styled Sun Set Grand Lodge v. John A. Bell et al.

GALLAGHER, C. J., not sitting.