**R. M. HAWKINS, Relator,**

v.

**H. M. HOOD, Judge, Respondent.**

**No. 6989.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 8, 1960.

———◇———

Gassaway & Allen, Borger, for relator.

Chas. Ballman, Borger, for respondent.

R. E. Underwood, Jr., and W. L. McConnell, Amarillo, for Audrey Oneta Hawkins.

PER CURIAM.

This case is an original proceedings filed in this court by R. M. Hawkins seeking by writ of mandamus to require the Honorable H. M. Hood, Judge of the Court of Domestic Relations of Hutchinson County to dismiss his petition for divorce against his wife, Audrey Oneta Hawkins.

The record shows that on January 21, 1960, plaintiff below, relator here, filed in said Court of Domestic Relations his motion for nonsuit, saying therein, "that he does not desire to further prosecute said

:suit." Immediately thereafter he presented the motion, together with an order for the Judge of said court to sign dismissing the case. At that time defendant in the divorce case had filed her waiver of service but had not filed any answer of any nature and had not in any manner requested any affirmative relief of any sort. The record was still in this condition at the time we granted leave to relator to file his request for mandamus in our court. Under this state of the record we believe relator is entitled to his writ of mandamus, the Judge having refused to sign the order dismissing the case.

The Supreme Court in Renfroe v. Johnson, 142 Tex. 251, 177 S.W.2d 600, 602, syl. 3–5 has said: "In our opinion, the defendants could not successfully oppose the plaintiffs' motions for a nonsuit. The statute gives them that absolute right. Article 2182, R.C.S.1925."

 Rule 164, Texas Rules of Civil Procedure being unchanged from Revised Statutes 1925, Art. 2182, decisions as to such statute govern the interpretation of said rule. Corder v. Corder, Tex.Civ.App., 189 S.W.2d 100 (writ refused). This rule should be liberally construed to effectuate the right to take nonsuit. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W. 2d 727.

The record before us reflects that the defendant in the original divorce case, Audrey Oneta Hawkins, filed an answer and cross-action in the divorce case on January 30, 1960. This was some eight days after the relator filed his motion for a nonsuit, and five days after this court granted relator leave to file this original motion for a writ of mandamus. There has been no case cited, and neither have we found any authority holding this belatedly filed cross action for affirmative relief would alter relator's right to have the motion for nonsuit granted.

We are of the opinion and so hold that the cross-action filed after the motion for nonsuit was filed and refused does not take this case out of Rule 164 and the interpretation of the rule in the cases cited above.

It is our opinion that the trial judge will voluntarily grant the relator's motion for nonsuit consistent with our views expressed in this opinion, in which event no writ of mandamus will issue; otherwise such a writ will necessarily issue as prayed for.

We are of the opinion that the respondent was acting in a judicial capacity; therefore the cost is adjudged against the relator.