**Ruth Lea UECKERT, Appellant,**

v.

**Clifton Lee UECKERT, Appellee.**

No. 7307.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 2, 1963.

**371**

Grindstaff & Grindstaff, Ballinger, Bruce L. Miller, Hereford, for appellant.

No attorney appearing for appellee.

NORTHCUTT, Justice.

On August 12, 1960, Ruth Lea Ueckert, as plaintiff, brought suit in the district court of Deaf Smith County, Texas, against Clifton Lee Ueckert, as defendant, for divorce and custody of their five minor children. Custody of the children had been placed with the plaintiff and defendant had been ordered to pay child support. On December 6, 1960, a hearing was had before the court and the court announced he would take the case under advisement insofar as granting a divorce was concerned and again placed the custody of said children with the plaintiff subject, however, to the control and management of the Deaf Smith County Welfare Board. For convenience, Ruth Lea Ueckert will hereafter be referred to as appellant and Clifton Lee Ueckert as appellee.

On December 14, 1960, appellant filed and presented her motion for non-suit which motion was taken under advisement by the court. On September 20, 1961, the court not having acted upon the motion for non-suit that appellant had filed on December 14, 1960, the appellant again requested non-suit. Up to the time the last motion for non-suit was filed appellee had filed no pleadings asserting affirmative relief and no decision had been made. Sometime after filing this suit in Deaf Smith County appellant changed her residence to Winters, Runnels County, Texas, and on December 19, 1962, she filed suit in Runnels County for divorce and for custody of the minor children here involved. On January 2, 1963, just 14 days after the suit was filed in Runnels County, without any notice to appellant judgment for divorce was granted in this case to appellant and custody of the five minor children was awarded to and placed under the control and supervision of the Deaf Smith County Child Welfare Board and designated Mrs. Jewel Smith as the representative of the Board.

As soon as appellant learned of such judgment being entered she filed a motion for new trial and a bill of review. The court then on January 31, 1963, entered what is designated as an amended judgment, setting out many things not here involved, but again awarded custody and control of said five children to the Welfare Board as previously ordered. In this amended judg-

ment the court found that it would be to the best interests and welfare of the minor children that the custody and control of the minor children should be continued under the supervision and control of the Deaf Smith County Child Welfare Board and physical custody of such minor children be left with Mrs. Leona Hicks, the children's grandmother, but did not so order; but gave full custody and control to the Deaf Smith County Child Welfare Board. From this amended judgment the appellant perfected this appeal. Appellee has never appeared and contested this appeal and has not filed a brief herein.

By appellant's first assignment of error it is contended the court erred in granting judgment in the case and in not dismissing the suit since appellant had twice requested non-suit before appellee had ever sought any affirmative relief and no decision had been made and by appellant's fifteenth assignment of error it is contended the court erred in not awarding the custody, care, and control of the children to the appellant when the overwhelming weight of the evidence shows that the mother was a fit and proper person to have the care, custody and control of said children for their best interests and welfare. We will discuss these two assignments together.

■ In the amended judgment the trial court stated that appellant appeared and filed an answer to appellee's application for change of custody for such minor children as a matter of law that the appellant waived her motion to dismiss this case and had submitted herself at all times to the jurisdiction of that court. We cannot agree with that holding. The appellant had twice sought a non-suit but had been unable to get the court to act upon the motions. Rule 164, Texas Rules of Civil Procedure, provides as follows: "At anytime before the jury has retired, the plaintiff may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. When the case is tried by the judge, such non-suit may

be taken at anytime before the decision is announced." We are of the opinion, and so hold that, so far as the divorce was concerned, when the appellant sought to take a non-suit and the appellee had sought no affirmative relief and no decision had been made the court was bound to grant such request and dismiss the divorce proceedings. Smith v. Columbian Carbon Co., 145 Tex. 478, 198 S.W.2d 727 (Supreme Court); Hawkins v. Hood, Tex.Civ.App., 331 S.W. 2d 954.

■■ In the case of McClendon v. Mc-Clendon, 289 S.W.2d 640 the court denied plaintiff a non-suit and granted her divorce and awarded temporary custody of the children to county probation officer as was done in this case. From that judgment the plaintiff appealed. The court there held the non-suit should have been granted as to the divorce but that the plaintiff was not entitled as a matter of right in the absence of court's consent to deprive the court of jurisdiction to determine what was the best interests of the children and in whose custody they should be placed once all the testimony was in upon such issue. We think it is also true that a trial court is not entitled as a matter of right to deprive parents of the custody of their children without just cause. Under this record there is absolutely no evidence to even suggest that the best interests of the children should be placed under the custody, control or supervision of anyone other than their mother. The children were in the custody and control of their grandmother while the mother was finishing school so she could teach and make a living for the children. The appellant did return to her mother's home approximately every two weeks to be with the children. The court held the best interests of the physical custody of said children should be left with their grandmother who had the children while their mother was in school and in fact has had them all during these proceedings but were really in the custody of their mother. Nevertheless, the court adjudged that the custody of the children was in

Deaf Smith County Welfare Board. The Welfare Board consists of seven persons of Deaf Smith County, and there is nothing to show that any of them were properly trained in such line, and the children reside in Runnels County with the mother and grandmother. The father suggested the children be placed in a children's home. The undisputed evidence shows the children were well cared for, going to school, church, Sunday School, and were well trained. The law presumes that the welfare of the children will be best served by awarding their custody to a parent rather than to another unless it is affirmatively demonstrated that the children's best interests require that the parent be deprived of custody. Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124 (writ dismissed); Longoria v. Longoria, Tex.Civ. App., 324 S.W.2d 244 (writ dismissed); Bradley v. Bradley, Tex.Civ.App., 199 S.W. 2d 545.

It is to be noticed that the court first granted the appellant custody of the children and also that they reside temporarily in Runnels County. The Deaf Smith County Welfare Board could not look after the welfare of these children while they were in Runnels County and no showing that any of the members knew or could know anything about the welfare of the children only from reports made by members of a board in Runnels County. All of the reports from Runnels County were that the children were well cared for in every respect. We are further of the opinion, and so hold, that the Welfare Board was created to deal with matters concerning defective, illegitimate, dependent, neglected, and delinquent children and not created for the purpose for which the court attempted to use it as was done in this case. Article 695a, Vernon's Texas Civil Statutes. There is not a line of evidence in any way to show one thing derogatory against this appellant and there certainly is no evidence that any of these children were defective, illegitimate, dependent, neglected, or delinquent and the court never at anytime found any of those conditions to exist.

■ We are aware of the fact that we may not render judgment contrary to that of the trial court that was rendered on sufficient evidence. Where there is no evidence that the best welfare of the children will be best served by placing them with someone other than the mother, and the undisputed evidence that they are being well cared for in every way while in the possession of their mother, we think it is error to place custody in someone other than their mother. Since there are no pleadings or evidence in this case to even suggest that this appellant was not a proper parent to have her children but to the contrary the undisputed evidence shows she is worthy in every respect to have the children in her custody, we think the court abused his discretion in placing the children in the custody of the Welfare Board. It is stated in the case of Davis v. Sears, Tex.Com.App., 35 S.W.2d 99 by the Commission of Appeals as follows:

"Under the common law, as well as the statute law of Texas the parents have the natural right to the custody and control of their child, and, in case of the death of one parent, the surviving parent has the right to its custody, Castro v. Castellanos (Tex.Com.App.) 294 S.W. 525. But the parents' right to the custody of their child, however, is not absolute, but is subject to judicial control, when the interest of the child demands it, and must yield, where the real and permanent interest of the child demands a different disposition.

"But the exercise of this judicial control, antagonistic to the right or control which the law gives to the parents of the minor, can only be exercised where the testimony in the case shows either the unfitness of the parents, or their incapacity, or any other condition, the legal effect of which would be to demonstrate that the best interest of the child would be subserved by giving its custody to another than the parents. As a basis for the exercise of judicial control over the minor, in the absence

of pleading and proof, that the parents are unfit to have the care and custody, of their child, as in this case, there must be pleading and proof, to the effect that the parents have voluntarily relinquished their natural and statutory right to have this care and custody."

We are of the opinion, and so hold, that the trial court erred in refusing to dismiss the divorce proceedings when appellant sought a non-suit when appellee had not sought any affirmative relief and no decision had been made. We are of the further opinion, and so hold, that under this record the trial court abused his discretion and erred in placing the custody of the children in the Deaf Smith County Welfare Board instead of appellant. The case is therefore reversed and ordered dismissed.