William B. BRAY, Jr., et al., Relators,

v.

Hon. Harry H. SCHULTZ et al., Respondents.

No. 7389.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 30, 1963.

Rehearing Denied Feb. 3, 1964.

McCown & Cobb, Dumas, for relators.

Eli Willis, Lovell & Lyle, Dumas, for respondents.

PER CURIAM.

This is an original application for a writ of prohibition and ancillary orders filed by William B. Bray, Jr., joined by his father and mother, William B. Bray, Sr. and Bonnie Bray, against Judge Harry H. Schultz, Judge of the 69th Judicial District Court, Iley Compton, Moore County Welfare Board Supervisor, and Mr. and Mrs. V. M. Brown, to prohibit these respondents from taking further action and from further prosecuting Cause No. 4177, styled In Re: William Michael Bray, an adoption, now pending in the District Court of Moore County and set for hearing on January 3,

1964. Other ancillary orders are sought by relators, however, these matters will be referred to and disposed of later.

The record before us discloses the following events leading to the filing of relators' application:

(1) On April 4, 1961, Glenn Doris Bray, former wife of relator William B. Bray, Jr., filed suit for divorce in Cause No. 3672 in the 69th District Court of Moore County, Texas.

(2) On April 21, 1961, the trial court entered an order granting temporary custody of William Michael Bray, the minor child, to the said Glenn Doris Bray, the mother.

(3) On June 30, 1961, the trial court entered an order changing the temporary custody of said child from Glenn Doris Bray to Mr. and Mrs. V. M. Brown. Mrs. Brown is the mother of Mrs. Bray and Mr. Brown is her stepfather. From this record there are no pleadings on file to support this order.

(4) On July 25, 1961, the trial court entered an order of nonsuit as to the divorce action only and left the temporary custody of the minor child to Mr. and Mrs. V. M. Brown.

(5) On February 11, 1963, relator William B. Bray, Jr., filed suit for divorce in the District Court of Hansford County, Texas, being Cause No. 1249.

(6) On June 25, 1963, Glenn Doris Bray filed an answer and cross-action in said cause In such cross-action she prayed for divorce and attorney's fees but made no request for the custody of the child.

(7) Subsequently, Mr. and Mrs. Brown intervened in said Cause No. 1249 and prayed for custody of said minor child.

(8) On September 20, 1963, the District Court of Hansford County entered judgment granting relator William B. Bray, Jr. a divorce from Glenn Doris Bray and awarded the said relator custody and con-

trol of said minor child. The judgment further provided that intervenors, Mr. and Mrs. V. M. Brown, were to relinquish the care, custody and control of said child to William B. Bray, Jr. on October 1, 1963. The court further provided that the said child should remain in the home of Mr. and Mrs. William B. Bray, Sr. until their son established his own home. Notice of appeal was given by Mr. and Mrs. V. M. Brown, but said appeal was not perfected and that judgment has become final.

(9) On September 30, 1963, Iley Compton, Moore County Child Welfare Supervisor, on behalf of the Moore County Child Welfare Board, filed an injunction suit in the District Court of Moore County being Cause No. 4159. The trial court issued a temporary restraining order restraining and enjoining relators, William B. Bray, Jr., William B. Bray, Sr. and wife, Bonnie Bray, from removing the minor child from the home of Mr. and Mrs. V. M. Brown, and from taking custody of said child.

(10) On October 21, 1963, relators, defendants in said Cause No. 4159, filed their answer and plea of privilege seeking the removal of the case to Hansford County, Texas. Respondent, Iley Compton, timely filed a controverting plea.

(11) On November 8, 1963, the trial court in a consolidated hearing on the plea of privilege and motion for temporary injunction, entered judgment overruling relators' plea of privilege and granted the temporary injunction. From said judgment the relators have timely perfected their appeal to this Court styled William B. Bray, Jr. et al. vs. Iley Compton, Cause No. 7385, the record in said cause having been filed in this Court on December 4, 1963.

(12) On November 18, 1963, an adoption proceeding was filed by Mr. and Mrs. V. M. Brown in Cause No. 4177, in the District Court of Moore County seeking to adopt the said minor child, William Michael Bray. Upon the filing of said petition, the trial court appointed respondent Iley Compton as the investigator, and set the hearing for the adoption for January 3, 1964.

■ Courts of Civil Appeal are given authority to issue writs of prohibition and other similar writs by Article 1823, Vernon's Ann.Tex.St., when necessary to enforce their jurisdiction. The writ of prohibition sought here is in its very nature an extraordinary remedy which will be granted only in cases of necessity to protect the jurisdiction of this Court against encroachment by parties or other courts. Stone v. Kuteman, (Tev.Civ.App.), 150 S.W.2d 107; Union Bank & Trust Co. of Fort Worth v. Smith, (Tex.Civ.App.), 166 S.W.2d 928.

■ The adoption case is obviously a suit to relitigate the issue of care and custody of the minor child, William Michael Bray. The injunction suit filed by the Moore County Welfare Board sought to nullify and render meaningless the final judgment of the Hansford County District Court. All parties in the present proceeding were before the Hansford County District Court save and except the District Judge of Moore County and Iley Compton. The jurisdiction of the Hansford County District Court to hear and determine all issues before it cannot be questioned. We know of no legal basis whereby the Moore County Welfare Board or its supervisor could have been properly made a party thereto. Such boards are not legal entities as such but are simply authorized to "promote * * * the enforcement of all laws for the protection of defective, illegitimate, dependent, neglected and delinquent children; to co-operate to this end with Juvenile Courts * * * and to take the initiative in all matters involving the interest of such children where adequate provision therefor has not already been made." Article 695a, Section 2, V.A.C.S. No such conditions are pleaded or found in this record.

■ This Court's jurisdiction over the parties and the subject matter of the present controversy attached upon the filing of the

appeal in this Court of the injunction case in Cause No. 4159 from Moore County. Relators perfected that appeal and the record of the case was filed in this Court on December 4, 1963. That case not only involves the custody of the same minor child, but attempts to either challenge or ignore the final judgment of the Hansford County District Court. In the later court's judgment of September 20, 1963, the Court denied Mr. and Mrs. V. M. Brown, intervenors, request for custody of the child and further found relator, William B. Bray, Jr., "is a fit and proper person to have the care, custody and control of said child." The relators' appeal of the adverse judgment in Cause No. 4159 from Moore County clearly invokes this Court's jurisdiction. The prosecution of the adoption case on January 3, 1964, would interfere with our jurisdiction. Respondents contend the writs here being sought should be denied because of the fact a judgment which may be rendered in the adoption case would be appealable. Undoubtedly the latter assertion is correct, but this Court, in view of the many proceedings already had between these parties, cannot rest a decision in this cause on such speculation. If this Court's jurisdiction is jeopardized, we cannot anticipate a future proceeding which would have the effect of re-instating our jurisdiction. Relators are denied leave to file a writ of mandamus. Such relief is sought to prohibit the enforcement of the temporary injunction issued in Cause No. 4159. As stated above that cause is now in this Court on appeal.

■ It is therefore ordered that all respondents be and they are hereby prohibited from prosecuting and hearing the adoption proceeding by Mr. and Mrs. V. M. Brown in Cause No. 4177 in the District Court of Moore County, Texas, styled In Re: William Michael Bray. All other relief not specifically granted is denied. The costs of this proceeding will be taxed against respondents Mr. and Mrs. V. M. Brown.

Relators' application for writ of prohibition is granted.