

# The Attorney General of Texas

September 18, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe K. McGill
County Attorney, Gaines County
P. O. Box 728
Seminole, Texas 79360

Opinion No. H-1244

Re: Whether Gaines County
may spend funds to operate and
maintain a day care facility.

Dear Mr. McGill:

You ask whether Gaines County may spend county funds for the provision of day care services to all children in the county. You state that the county contracts with a nonprofit child care corporation under article 695a-4, V.T.C.S., which provides for the administration of federally established day care programs. See, e.g., 42 U.S.C. §§ 602(a)(19)(G); 622(a)(1)(C). The center also cares for other children who do not come within the provisions of article 695a-4, V.T.C.S., and the county has paid some of the costs of their care.

In Attorney General Opinion H-1189 (1978) we stated that a county did not have general authority to provide day care for all children in the county, although various statutes authorized the provision of care to specific groups of children. See also Attorney General Opinions M-264 (1968); O-5386 (1943). You suggest, however, that article 695a, V.T.C.S., or article 4418f, V.T.C.S., authorizes Gaines County to pay for day care for all children in the county who need it.

Article 695a provides for the enforcement of laws for the protection of defective, illegitimate, dependent, neglected and delinquent children. Sec. 2. It authorizes the commissioners court to appoint a Child Welfare Board to perform duties required of it by the commissioners court and State Department of Public Welfare in furtherance of the purposes of the statute. Sec. 4. A Texas court has stated that the County Child Welfare Board was created to deal with matters concerning defective, illegitimate, dependent, neglected and delinquent children, and could not take custody of children who did not meet those conditions. Bray v. Schultz, 376 S.W.2d 82 (Tex. Civ. App. — Amarillo 1963, no writ) (per curiam); Ueckert v. Ueckert, 373 S.W.2d 370 (Tex. Civ. App. — Amarillo 1963, no writ).

A 1969 amendment to article 695a authorized an increase in the size of the Child Welfare Board and added the following provision:

> In the interest of the welfare of all children in this state, it is essential that the state and all subdivisions thereof be given the authority through legislative acts to make broad, general, flexible plans for improving health, education and welfare of all children, and it is particularly necessary for the County Commissioners Court in the various counties to have discretionary powers in relation to determining the size of Child Welfare Boards established depending upon the needs and the types of programs in the particular county.
>
> It is the expressed intent of this Act to strengthen Child Welfare Boards so that services may be provided to all children in the county who are in need of services.

Sec. 4(c). (Emphasis added). We believe the broad language on plans for improving the health, education, and welfare of all children, and on providing them services must be read in connection with the specific purposes of article 695a and the 1969 amendments. See Rogers v. First National Bank, 448 S.W.2d 149 (Tex. Civ. App. — El Paso 1969, writ ref'd n.r.e.) (statute must be viewed as a whole). The services to be provided are services for the dependent, neglected, and other children that article 695a seeks to assist. See Attorney General Opinion H-392 (1974) (Child Welfare Board created to improve and provide services for children in need of supervision). According to the caption, the 1969 amendments were designed to authorize an increase in the size of the Board, to authorize multi-county Boards, and to clarify the Board's relationship to the Department of Public Welfare. Acts 1969, 61st Leg., ch. 765, at 2273. We believe that much of the quoted language merely expresses the legislative policy which favored increased flexibility for County Child Welfare Boards in carrying out their duties under article 695a. It cannot be read as legislative authorization for the state and political subdivisions to provide all services relating to the health, education, and welfare of all children. At most, it expresses approval of such legislation. In our opinion article 695a authorizes the county to provide services only to those children described in section 2 of the statute.

Article 4418f, V.T.C.S., authorizes the commissioners court to spend money "in behalf of public health and sanitation" within the county. Prior opinions interpreting article 4418f have approved the funding of services which clearly aided the sick or dealt with a sanitation problem. See Attorney General Opinions M-806 (1971); C-772 (1966) (ambulance service); O-5670 (1944) (storm sewer connected with county hospital). We do not rule out the possibility that there may arise special circumstances when the provision of day care to some or even all children would serve the public health. However, as a general matter, we do not believe that the routine provision of day care to healthy children would be held by our courts to constitute a public health function within article 4418f. While, as indicated in

Honorable Joe K. McGill - Page 3 (H-1244)

Attorney General Opinion H-1189 (1978), there is statutory authority for counties to provide day care services to some children, neither article 695a, V.T.C.S., nor article 4418f, V.T.C.S., authorizes Gaines County to provide day care to all children. Legislation would be necessary to authorize counties to provide general day care services to all children.

### SUMMARY

Neither article 695a, V.T.C.S., nor article 4418f, V.T.C.S., authorizes Gaines County to provide day care to all children, although each statute may authorize the county to provide day care to some children or under some circumstances. Legislation would be necessary to authorize counties to provide general day care services to all children.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn