Mary Brady BECKHAM, Relator,

v.

The Honorable Robert C. TOPPER, Judge and Martha Brady Anthony, Respondent.

No. 05–82–00807–CV.

Court of Appeals of Texas, Dallas.

April 14, 1983.

Charles E. Carruth, Dallas, for relator.

James J. Hartnett, Dallas, for respondent.

Before GUITTARD, C.J., and SPARLING and ALLEN, JJ.

GUITTARD, Chief Justice.

In this application for a writ of prohibition, the question is whether trial of a suit for damages in the probate court will interfere with the disposition of a will contest now pending on appeal in this court. We hold that it will interfere with the will contest; therefore, we grant the writ of prohibition.

The litigation concerns the estate of Edith Rutherford Beckham, who died April 16, 1981, leaving two daughters, Mary Brady Beckham and Martha Brady Anthony. Beckham filed an application to probate an alleged will dated March 4, 1977, leaving the bulk of the estate to her. Anthony contested the 1977 will and filed an application to probate an earlier will, dated September 15, 1975, dividing the estate equally between the two.

The will contest was tried before a jury, which found in answer to special issues that the testatrix's signature on the 1977 will was not genuine, that the 1977 will was not executed as required by Texas law, that the testatrix did not possess testamentary capacity at the time the 1977 will was executed, and that she was induced to make the 1977 will by the undue influence of Beckham. On this verdict the court rendered judgment rejecting the 1977 will and admitting the 1975 will to probate. Beckham has appealed to this court.

After Beckham perfected her appeal in the will contest case, respondent Anthony, "individually and as administratrix" of Mrs. Brady's estate, filed an original petition in the probate court seeking damages from Beckham for interfering with the proper disposition of the Brady estate and with Anthony's right to inheritance. Among other things, Anthony alleged that Mrs. Brady lost her testamentary capacity before making the 1977 will and after making the 1975 will, that Beckham coerced Mrs. Brady to execute powers of attorney under false pretenses, that Beckham signed Mrs. Brady's name to the 1977 will without her authorization, and that Beckham exercised undue influence on Mrs. Brady to give all of her property to Beckham to the exclusion of Anthony. Beckham filed an answer and a plea in abatement alleging that an appeal had been perfected to this court from the will contest judgment. The court overruled

Beckham's plea in abatement, and she filed her present application for writ of prohibition in this court.

Our jurisdiction in this matter is based upon Article 1823, Tex.Rev.Civ.Stat. Ann. (Vernon 1964), which authorizes the courts of appeals to issue all writs "necessary to enforce the jurisdiction of said courts." Article 1823 authorizes us to issue writs of prohibition when necessary to enforce our previously invoked appellate jurisdiction or to safeguard our judgments. *Texas Employers' Insurance Association v. Kirby,* 150 S.W.2d 123 (Tex.Civ.App.—Dallas 1941, no writ). A writ of prohibition may be issued whenever an inferior court seeks to try a case involving the same parties and issues as a case presently on appeal. *Bell v. Young,* 20 S.W.2d 135 (Tex.Civ.App.—Waco 1929, no writ). Thus, prohibition is the proper remedy to prevent a court from trying an adoption suit raising the same issue of child custody as that already tried in a divorce case then pending in the appellate court. *Bray v. Schultz,* 376 S.W.2d 82, 84–85 (Tex.Civ.App.—Amarillo 1963, no writ).

In the present case the damage suit and the will contest involve the same parties. Although the subject matter of the two suits is different in that the damage suit concerns Anthony's claim of damages resulting from Beckham's alleged wrongful procurement of the 1977 will rather than the efficacy of the document as a testamentary disposition of Mrs. Brady's estate, an examination of the petition in the damage suit reveals that the issues are substantially the same in both suits—execution of the will, testamentary capacity, and undue influence. Even when the subject matter is different, the principle of collateral estoppel precludes retrial of the same issues of fact between the same parties. *Bonniwell v. Beech Aircraft Corp.,* 26 Tex. Sup.Ct.J. 259 (Tex., March 9, 1983, No. C–1233). Consequently, to the extent that the probate court proposes to try the same issues as those involved in the will contest, and would, therefore, preclude retrial of those issues if the will contest judgment is reversed, the prosecution of the damage suit will interfere with the jurisdiction of this court in the will contest appeal.

Respondent Anthony points out that the damage suit involves various issues other than those tried in the will contest. To the extent that the damage suit involves any issues that are severable from the issues concerning validity of the alleged 1977 will, it may proceed to trial. We cannot determine in the present proceeding what severable issues may be presented.

Relator Beckham has also alleged in her application that respondent Anthony in her capacity as administratrix has no standing under section 28 of the Texas Probate Code to prosecute the suit for damages. We do not pass on that question because it is not properly before us in this original proceeding.

The writ of prohibition is conditionally granted restraining the judge of the Probate Court of Dallas County from proceeding in the damage suit to litigate any issues that would bear on the validity of the alleged 1977 will of Edith Rutherford Brady. Since we assume that the judge will comply with this opinion, we direct our clerk not to issue the writ until information is received that the judge is proceeding with the suit.

Writ of prohibition conditionally granted.