BUILDER'S SAND, INC., Relator,

v.

The Honorable H.G. DALEHITE, Judge of the 122nd District Court, and Mario Turtur, Respondents.

No. C14–83–261CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 21, 1983.

Allan R. Lazor, Houston, for relator.

Bernard Wm. Fischman, Houston, for respondents.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Relator, Builder's Sand, sued respondent Mario Turtur, Jr., for specific performance of a contract for sale of real property situated in Galveston County. Following a non-jury trial, the 212th Judicial District Court entered a take-nothing judgment in favor of Turtur. Relator then filed a supersedeas bond and perfected appeal of that judgment to this court. Turtur subsequently filed suit against Relator, its president, its attorney, the surety on its supersedeas bond and Peyton Waters, Sr. (a buyer in the original contract for sale) for damages for defamation of character and slander of title.

Turtur's charges stem from an affidavit by Builder's Sand, Inc. which stated that Builder's Sand was in the process of purchasing the property in question and would indeed consummate the sale, "as soon as the title company is ready to close." The affidavit was recorded in the real property records of Galveston County. Additionally, Turtur claims he was defamed by statements allegedly made by Waters following the rendition of the take-nothing judgment in the specific performance suit. Turtur claims the supersedeas bond revived the *lis pendens* and affidavit which were canceled by the take-nothing judgment. He was consequently unable to convey good title to the property and incurred damages of approximately $25,000.00 from a lost sale. Relator now urges that the prosecution of the suit for damages would interfere with our jurisdiction over the appeal now pending from the suit for specific performance. We agree and grant the writ of prohibition.

▮ Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964) authorizes this court to issue all writs "necessary to enforce [our] jurisdiction." Thus, a writ of prohibition will issue when an inferior court attempts to try a case involving the same parties and issues as a case pending on appeal. *Bell v. Young,* 20 S.W.2d 135 (Tex.Civ.App.—Waco 1929, no writ). The writ of prohibition is the proper method for safeguarding our judgments or enforcing previously invoked appellate jurisdiction. *Beckham v. Topper,* 652 S.W.2d 507 (Tex.App.—Dallas 1983, no writ) (not yet reported).

▮ Here, the suit for damages involves the same parties involved in the suit for specific performance, with the exception of the surety on the supersedeas bond. Clearly, the suit for damages is predicated upon the previous suit for specific performance and Turtur's consequential loss of sale because of the resurrected *lis pendens* and affidavit. Turtur urges that the suit for slander of title is based wholly upon the affidavit and not upon the *lis pendens;* and further that the defamation of character action arose from statements made *after* the previous judgment. He thus maintains that the suit for damages is a separate lawsuit which is unrelated to the original action. We are not persuaded by these

contentions. The judgment in the suit for specific performance contains a direct reference to the affidavit in question and declares it to be void; the supersedeas bond applies to this judgment which is now on appeal. The inescapable conclusion is that the suit for damages hinges upon the validity of the prior judgment, and that question is for this court to determine on appeal.

Turtur urges that he will not be able to respond to pleas of privilege filed by the defendants in the second suit if this writ is issued. To the extent that the contested issues involve venue and not the merits of the litigation, the trial court and parties to the lawsuit are free to proceed with any and all matters pertaining to venue.

The writ is conditionally granted prohibiting the judge from proceeding in the second suit on any matters that bear on the validity of the prior judgment. We trust that the judge will comply with this opinion and we therefore direct the clerk of this court not to issue the writ unless this court learns that the court below is proceeding with the suit.

The writ is conditionally granted.