Floyd and Christine **WHITWELL** and
Mark E. Whitwell, Appellants,

v.

Cherri D. **WHITWELL**, Appellee.

No. 08–93–00032–CV.

Court of Appeals of Texas,
El Paso.

May 5, 1994.

Louis J. Bodnar, El Paso, for appellants.

Frank Hart, El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

### NATURE OF THE CASE

This is a custody dispute. Appellant Mark Whitwell filed his original petition for divorce on October 11, 1990. On the same day, Appellants Floyd and Christine Whitwell, the grandparents of Selby Diane Whitwell, filed their Petition in Intervention for Conservatorship seeking sole managing conservatorship of Selby Diane Whitwell.[1] On October 26, 1990, Appellee Cherri Whitwell filed her Original Answer, Original Cross Petition for Divorce, and her Original Answer to Petition in Intervention for Conservatorship. On December 28, 1992, the master rendered the final decree of divorce and awarded sole managing conservatorship to Appellee. Possessory conservatorship was awarded to Mark Whitwell, Christine Whitwell, and Floyd Whitwell. Appellants filed their notice of appeal on February 3, 1993. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Appellee and Appellant (Mark Whitwell) met when Appellant's ship was stationed in Perth, Australia for a week. Appellee and Appellant corresponded for a year after their initial meeting. Appellee then came to the United States and spent approximately a month with Appellant. At the end of her stay, on January 19, 1989, the couple were married. On January 26, 1989, Appellee returned to Australia for work related purposes and Appellant returned to his duty station. In May of 1989, Appellee returned to El Paso and Appellant came home to El Paso for a fourteen day leave. The couple saw each other again in July and September. The next time Appellant returned to El Paso was March of 1990 and by this time, Selby Diane Whitwell had been born and was approximately three weeks of age. Appellant returned "to sea" and did not return home until August of 1990. When Appellant arrived in El Paso, he announced to Appellee that he was filing for divorce. Appellant (father of the child) did not seek custody. However, Appellants (grandparents) intervened on the custody issue, seeking to be the sole managing conservators of Selby Diane Whitwell.

Selby Diane Whitwell was born with a defect known as congenital adrenal hyperplasia. Essentially, the child is unable to retain body salt, her cooling system is not adequately regulated and she can dehydrate easily. Additionally, the child was born with a severe medical condition affecting her reproductive organs. At three months of age, she received a surgical procedure at William Beaumont Army Medical Center to correct this problem, but she will need life-long medical care together with psychiatric and genetic counseling.

The trial court ordered a social study to determine what would be the best custody arrangement for the child. The social study concluded: (1) that Selby Diane Whitwell is a special child because of her condition; (2) that her medical needs will change as she grows older; (3) that both her mother and grandparents love the child; both would be suitable custodians; (4) Cherri Whitwell is the mother of the child and is the legal custodian; (5) that the mother's right to be legal custodian can be denied only for cause; (6) that the information obtained through this study indicated that Cherri Whitwell is a responsible and capable mother and deserves

---

1. Floyd and Christine Whitwell are the natural grandparents of Selby Diane Whitwell and the natural parents of Appellant Mark Whitwell, father of Selby Diane Whitwell.

to retain custody of her child; (7) that the Appellant's primary reason for intervening was to keep the child in the United States; and (8) that the child should remain with her mother.

The court awarded sole managing conservatorship to Appellee on January 13, 1993. Appellants filed notice of appeal.

## II. *DISCUSSION*

In two points of error, Appellant contends that the trial court abused its discretion in permitting the child to leave the United States and that the trial court erred in awarding attorney's fees to Appellee.

■ An appellate court should reverse a trial court for abuse of discretion only when "after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable." *Simon v. York Crane & Rigging Co., Inc.,* 739 S.W.2d 793, 795 (Tex. 1987).

■ Based on the record before us, the trial court in the case *sub judice* made a reasonable decision and there was no abuse of discretion.

■ The social study found that both Appellants and Appellee are loving and responsible caretakers for Selby Diane Whitwell. Appellee is the natural mother of Selby Diane Whitwell; custody can only be taken from her for cause. The trial court is not entitled as a matter of right to deprive parents of custody of their children without just cause. *See Ueckert v. Ueckert,* 373 S.W.2d 370 (Tex.Civ.App.—Amarillo 1963, no writ). In fact, the parents in absence of positive disqualification, have the first right to the care and custody of their children, even against others, who might conceivably be in better financial condition to do more for the child than either of the parents. *See Valentine v. Valentine,* 203 S.W.2d 693 (Tex.Civ. App.—Amarillo 1947, no writ).

Furthermore, Tex.Fam.Code Ann. § 14.-01(b) (Vernon Supp.1994) states:

(b) A parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child unless:

(1) the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development.

The Texas Supreme Court interpreted the above section in *Lewelling v. Lewelling,* 796 S.W.2d 164 (Tex.1990):

Under section 14.01 as amended, the nonparent must affirmatively prove by a preponderance of the evidence that appointment of the parent as managing conservator would *significantly impair* the child, either physically or emotionally. This statute thus requires the nonparent to offer evidence of specific actions or omissions of the parent that demonstrate an award of custody to the parent would result in physical or emotional harm to the child.

*Id.* at 167.

In the case *sub judice,* Appellants failed to prove by a preponderance of the evidence that allowing Selby Diane Whitwell to leave this country would significantly impair her physically or emotionally. Appellant's main concern was that the child would not receive adequate medical treatment in Australia. However, Appellee testified that she had been in contact with Dr. Jeff Byrnes, a pediatric endocrinologist, in Australia who can care for Selby Diane Whitwell. And Dr. Rita Svec, a pediatric endocrinologist at William Beaumont Army Medical Center, has been in contact by correspondence with a pediatric endocrinologist in Perth, Australia, the city where Appellee and her child will live.

The conclusion of the social study and the trial court that Selby Diane Whitwell should remain with her mother does not constitute an abuse of discretion on the part of the trial court.[2] And, this being the case, then the

2. Cherri D. Whitwell, Appellee and mother of Selby Diane Whitwell, was appointed sole managing conservator of said child. The trial court issued a permanent injunction against Appellee removing Selby Diane Whitwell from the territo-rial jurisdiction of the United States, without the express written consent of the court. However, the trial court also allowed Appellee to remove Selby Diane Whitwell, to the Commonwealth of Australia.

child must leave the United States to reside with her mother, who is an Australian citizen. Therefore, the trial court did not abuse its discretion in allowing Selby Diane Whitwell to leave the United States. Point of Error No. One is overruled.

■ Appellant's second point of error is purely a procedural matter. Appellant claims that the trial court erred in awarding attorney's fees to Appellee because Appellee did not present any evidence concerning attorney's fees.

Appellant (Mark Whitwell) appealed the master's ruling only on the matter of his child support obligations. He did not appeal the master's decision to award attorney's fees to Appellee.

Appellant's authority for appealing the master's ruling is in TEX.GOV'T CODE ANN. § 54.012(d) (Vernon 1988) which states:

(d) All appeals to the referring court shall be in writing specifying the findings and conclusions of the master that are objected to and the appeal shall be limited to those findings and conclusions.

The trial court accepted the rulings of the master in matters not before it, and accordingly awarded attorney's fees. Thus, there was no need for Appellee to present evidence concerning attorney's fees.

The trial court did not abuse its discretion in awarding attorney's fees to Appellee. Point of Error No. Two is overruled.

We affirm the judgment of the trial court.

