COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN RE: | § | No. 08-18-00132-CV |
| | § | |
| TEXAS DEPARTMENT OF | | AN ORIGINAL PROCEEDING IN |
| TRANSPORTATION, | § | |
| | | PROHIBITION AND INJUNCTION |
| RELATOR | § | |
| | | |
| | § | |

# **O P I N I O N**

The Texas Department of Transportation has filed a petition for writ of prohibition against the Honorable Bonnie Rangel, Judge of the 171st District Court of El Paso County, Texas. TxDOT asks that we prohibit Respondent from exercising jurisdiction over cause number 2018DCV1823, styled *Genaro Flores v. Texas Department of Transportation*, because that proceeding is interfering with this Court's jurisdiction in a pending appeal. Additionally, TxDOT is requesting that the Court issue a writ of injunction against the Real Party in Interest, Genaro Flores. We conditionally grant the writ of prohibition against the trial court and the writ of injunction against Flores prohibiting the prosecution of Flores's suit in cause number 2018DCV1823.

## **FACTUAL SUMMARY**

In 2014, Flores filed an age discrimination suit against TxDOT in cause number 2014DCV1263, styled *Genaro Flores v. Texas Department of Transportation*. A jury found in Flores's favor and the trial court signed a judgment on February 15, 2017 awarding Flores money

damages and ordering TxDOT to reinstate him to his position as an assistant maintenance supervisor within 30 days.

TxDOT timely filed its notice of appeal on February 27, 2017, and the appeal is currently pending in this Court in cause number 08-17-00047-CV, styled *Texas Department of Transportation v. Genaro Flores*.[1] The filing of the notice of appeal by TxDOT had the effect of suspending enforcement of the judgment, including the order to reinstate Flores to his former position. On May 23, 2017, Flores filed a charge of discrimination against TxDOT based on its failure to reinstate Flores. On May 15, 2018, Flores filed a new suit against TxDOT based on its failure to reinstate him as required by the judgment entered in cause number 2014DCV1263. That case is styled *Genaro Flores v. Texas Department of Transportation* (cause number 2018DCV1823) and is pending in the 171st District Court. Flores is proceeding with discovery in the new suit. TxDOT filed its petition seeking issuance of the writs of prohibition and injunction to prohibit the trial court and Flores from proceeding with cause number 2018DCV1823 during the pendency of the pending appeal (cause number 08-17-00047-CV).

## ENFORCEMENT OF THE SUPERSEDED JUDGMENT

In two related issues, TxDOT challenges Flores' efforts to enforce the superseded judgment by filing a new suit. In Issue One, it argues that the continued prosecution of Flores's suit in cause number 2018DCV1823 is an impermissible attempt to enforce the superseded judgment that is the subject of its appeal in cause number 08-17-00047-CV and is interfering with the subject matter of the appeal and our jurisdiction. TxDOT asks the Court to conditionally issue the writ of prohibition and order the trial court to refrain from taking any action in cause number 2018DCV1823 during the pendency of the appeal. In Issue Two, TxDOT contends that the Court

---

[1] The parties presented oral argument in the case on March 7, 2019 and the case has been submitted for decision. An opinion and judgment have not yet issued.

should issue a writ of injunction against Flores to prevent him from seeking enforcement of the superseded judgment or prosecuting his claims in cause number 2018DCV1823 until the appeal has been finally resolved.

A court of appeals has the power to issue all writs necessary to enforce its jurisdiction. TEX.GOV'T CODE ANN. § 22.221(a). Its power to grant injunctive relief is limited, however, to protecting its jurisdiction over the subject matter of a pending appeal or preventing an unlawful interference with the enforcement of its judgments and decrees. *Ott v. Bell*, 606 S.W.2d 955, 957 (Tex.Civ.App.--Waco 1980, no writ).

A writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex. 1989); *In re Cap Rock Energy Corporation*, 225 S.W.3d 160 (Tex.App.--El Paso 2005, orig. proceeding). The purpose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments. *Holloway*, 767 S.W.2d at 683; *Cap Rock*, 225 S.W.3d at 160. The writ of prohibition has three functions: (1) preventing interference with higher courts in deciding a pending appeal; (2) preventing an inferior court from entertaining suits which will relitigate controversies which have already been settled by issuing courts; and (3) prohibiting a trial court's action when it affirmatively appears that the court lacks jurisdiction. *In re Johnson*, 961 S.W.2d 478, 481 (Tex.App.--Corpus Christi-Edinburg 1997, orig. proceeding); *Texas Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 187 (Tex.App.--Texarkana 1993, orig. proceeding); *McClelland v. Partida*, 818 S.W.2d 453, 456 (Tex.App.--Corpus Christi 1991, orig. proceeding). The writ is typically used to protect the subject matter of an appeal or to prohibit an unlawful interference with the enforcement of a superior court's orders and judgments. *Holloway*, 767 S.W.2d at 683. In this case, TxDOT is seeking to protect the subject matter of the pending appeal

and its right to supersede the judgment.

*Protecting the Subject Matter of a Pending Appeal*

In its first issue, TxDOT argues that the continued prosecution of Flores's suit in cause number 2018DCV1823 is an impermissible effort to enforce the superseded judgment that is the subject of its appeal in cause number 08-17-00047-CV. TxDOT asks the Court to conditionally issue the writ of prohibition and order the trial court to refrain from taking any action in cause number 2018DCV1823 until the appeal is finally resolved.

Rule 24.1 of the Texas Rules of Appellate Procedure addresses the methods for superseding a judgment, including the filing of a supersedeas bond. TEX.R.APP.P. 24.1(a). Rule 24.2 establishes the procedures to be followed for determining the amount of bond, deposit, or security required when the judgment is for recovery of money, recovery of property, or for something other than money or an interest in property. See TEX.R.APP.P. 24.2(a)(1)-(3). Enforcement of a judgment must be suspended if the judgment is superseded. TEX.R.APP.P. 24.1(f)(addressing effect of supersedeas). In civil cases, the filing of a notice of appeal does not suspend enforcement of the judgment, and enforcement of the judgment may proceed unless:

(1) the judgment is superseded in accordance with Rule 24.1, or

(2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal.

TEX.R.APP.P. 25.1(h).

Pursuant to Section 6.001 of the Civil Practice and Remedies Code, the state and its departments are exempt from the filing of a bond for court costs or appeal. TEX.CIV.PRAC.&REM.CODE ANN. § 6.001(b)(1), (2). This statute has been construed as exempting the listed governmental entities and officers from posting a supersedeas bond on appeal. *See In re Long*, 984 S.W.2d 623, 625 (Tex. 1999)(per curiam); *Ammex Warehouse Co. v. Archer*, 381

- 4 -

S.W.2d 478, 481-82 (Tex. 1964)(construing the predecessor statute); *see also Enriquez v. Hooten*, 857 S.W.2d 153, 154 (Tex.App.--El Paso 1993, no writ). By timely filing its notice of appeal, TxDOT superseded the judgment entered in cause number 2014DCV1263. *See* TEX.R.APP.P. 25.1(h). Flores does not argue, and the original proceeding record does not reflect, that the trial court declined to permit the judgment to be superseded as permitted by Rule 24.2(a)(3) or that Flores posted security in an amount ordered by the trial court. *See* TEX.R.APP.P. 24.2(a)(3)(providing that in a case where the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security to be posted by the judgment debtor and giving the trial court discretion to decline to permit judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damages caused by the relief granted the judgment creditor if an appellate court determines on final disposition that the relief was improper). Therefore, enforcement of the superseded judgment is prohibited.

The basis for Flores's suit in cause number 2018DCV1823 is TxDOT's failure to reinstate him in accordance with the judgment entered in cause number 2014DCV1263. Flores's prosecution of the new suit is a blatant attempt to enforce the superseded judgment even though it is pending on appeal. This attempt to enforce the superseded judgment is prohibited by the Rules of Appellate Procedure. More significantly, it is interfering with the subject matter of the pending appeal and with this Court's appellate jurisdiction over cause number 08-17-00047-CV. *See Builder's Sand, Inc. v. Dalehite*, 654 S.W.2d 858, 858 (Tex.App.--Houston [14th Dist.] 1983, orig. proceeding)(issuing writ prohibiting trial court from proceeding in a second suit which depended on validity of prior judgment which was then pending on appeal because the second suit would interfere with the appellate court's jurisdiction over the pending appeal). Issue One is sustained.

*Writ of Injunction*

In Issue Two, TxDOT contends that Flores should be enjoined from further efforts to enforce the superseded judgment. "Any action in disregard of a supersedeas is contempt of the jurisdiction of the court in which an appeal, with supersedeas, is pending." *Ammex Warehouse*, 381 S.W.2d at 483; *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *3 (Tex.App.--San Antonio Feb. 7, 2018, orig. proceeding)(mem. opin.), *quoting McDowell v. Hightower*, 111 Tex. 585, 242 S.W. 753, 753 (1922); *In re City of Cresson*, 245 S.W.3d 72, 75 (Tex.App.--Fort Worth 2008, no pet.). An appellate court may issue a writ of injunction to protect and enforce the rights of a litigant who has superseded a trial court's judgment. *In re City of Cresson*, 245 S.W.3d at 75, *citing Herring v. Houston National Exchange Bank*, 113 Tex. 337, 255 S.W. 1097, 1101-03 (1923); *see also Ammex Warehouse*, 381 S.W.2d at 481-85 (holding that appellate court could properly issue writ of prohibition to prevent trial judge's temporary injunction order from interfering with State's right to supersede judgment on appeal). Flores's action in filing and prosecuting a suit seeking to enforce the superseded judgment is interfering with TxDOT's right to supersede the judgment and pursue its appeal to this Court. Issue Two is sustained.

Having sustained Issue One, we conditionally grant TxDOT's petition for writ of prohibition. We direct the trial court to refrain from conducting any further proceedings or taking any further action in cause number 2018DCV1823 until TxDOT's appeal in our cause number 08-17-00047-CV is finally concluded. The writ of prohibition will issue only if the trial court fails to act in accordance with this opinion.

Having sustained Issue Two, we conditionally grant TxDOT's petition for a writ of injunction against Flores. We order Flores to refrain from prosecuting cause number

2018DCV1823 or seeking enforcement of the superseded judgment until TxDOT's appeal in our cause number 08-17-00047-CV is finally concluded. The writ of injunction will issue only if Flores fails to act in accordance with this opinion.

April 24, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.